Fred S. Sienkiewicz, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, the Selinsgrove Center and State Civil Service Commission, Respondents.

446

Argued June 6, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*James R. Protasio, Cohen & Protasio,* for petitioner.

*Barbara G. Raup,* Assistant Attorney General, with her *James S. Marshall,* Assistant Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, August 13, 1980:

Fred Sienkiewicz (Petitioner) appeals to this Court from an order of the State Civil Service Commission (Commission) denying his request for a hearing following his dismissal from employment with the Selinsgrove Center (Center), Department of Public Welfare. Petitioner raises two issues for our consider-

ation: whether the Commission's decision to deny him a hearing was arbitrary and capricious and whether the denial of the requested hearing violated the Equal Protection Clause of the United States Constitution.[1] Neither issue has merit. Accordingly, we affirm the order of the Commission.

Petitioner was employed as a psychiatric nurse intern, probationary[2] status, at the Center until March 1, 1979, when he was discharged. The reasons for petitioner's discharge were set forth in writing as follows:

> The reasons for your removal are inability to function independently in regards to clinical evaluation and assessment of residents on Unit VI, your need for support, and supervision and confirmation of another professional registered nurse in regards to treatment and follow-up of residents' care, as well as the charting of evaluation, lack of initiative to question procedures you were unsure of or had no opportunity to perform in past clinical experience and poor judgment in following written medical treatment plans of residents on Unit VI.

Petitioner appealed his discharge to the Commission stating that he disputed the validity of the reasons given for his discharge. On the appeal form, he clearly indicated that he was appealing his termination pursuant to *Section 951(a)* of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951(a), and that he was *not* appeal-

---

[1] U.S. Const. amend. XIV, §1.

[2] Section 3(t) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.3(t) defines "probationary period" as "a preliminary period of employment prior to permanent appointment of an employe for the purpose of determining his fitness for permanent employment."

ing his termination pursuant to *Section 951(b)* of the Act, 71 P.S. §741.951(b). An appeal pursuant to Section 951(a) is available only to regular employees.[3] An appeal pursuant to Section 951(b) is available to any person covered by the Act, but such appeals are limited to challenges alleging a violation of Section 905.1 of the Act, added by Section 25 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.905a. Section 905.1 prohibits discrimination in job actions, including terminations, which are taken "because of political or religious opinions or affiliations because of labor union affiliations or because of race, national origin or other non-merit factors."

Our Courts have interpreted Section 951(b) to require employees appealing a decision under that section to recite specifically the basis underlying the claim of discrimination and then to substantiate factually that claim upon hearing. *Hunter v. Jones,* 417 Pa. 372, 379, 207 A.2d 784, 788-89 (1965) ; *Cunningham v. State Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 377-78, 332 A.2d 839, 840-41 (1975). Obviously, if an employee does not allege that his termination was based on the discrimination grounds set forth in Section 905.1 of the Act, he or she is not entitled to a hearing under Section 951(b) of the Act.

Petitioner's appeal under Section 951(a) could not be considered by the Commission because he was not a regular employee. The Commission denied his request for a hearing because he alleged no acts of discrimination leading to his discharge so his appeal could not be heard under Section 951(b). In fact, he did not even request an appeal pursuant to Section 951(b). Far from being arbitrary and capricious, the Commis-

---

3 Section 3(k) of the Act, 71 P.S. §741.3(k) defines "regular employee" as "an employe who has been appointed to a position in the classified service in accordance with this act after completing his probationary period."

sion's decision was the only one that it could have made under the circumstances of this case.

Petitioner also argues that Section 951(b) of the Act violates the Equal Protection Clause because it provides hearings "for minority employees, who feel that their discharge was based on non-merit factors," but not for caucasians. Petitioner is a caucasian. His argument is totally lacking in merit.

Section 951(b), through reference to Section 905.1, clearly does not limit appeals to members of racial minorities. *Any* person subject to the Act who believes that he or she has been discriminated against on the basis of political, religious, or labor union affiliations, race, national origin, or any other non-merit factor may appeal pursuant to Section 951(b).[4] Furthermore, it is well established in the law that caucasians as well as members of racial minorities may pursue legal claims based on alleged racial discrimination. *See Regents of the University of California v. Bakke,* 438 U.S. 265 (1978); *Chmill v. City of Pittsburgh,* 31 Pa. Commonwealth Ct. 98, 375 A.2d 841 (1977); *Samuel Silver v. Department of Public Welfare,* State Civil Service Commission Appeal No. 2092 (March 1, 1977); *Thomas W. Phelps, Jr. v. Philadelphia County Board of Assistance,* State Civil Service Commission Appeal No. 2071 (January 20, 1977).

For the reasons herein stated, we affirm the order of the State Civil Service Commission.

---

[4] Petitioner also misreads the Act in believing that appeals are available to members of racial minorities who allege that their dismissal is based on non-merit factors. The terms "race" and "non-merit factors" are two distinct criteria for alleging an unlawful discharge. While it is conceivable that one could allege that he or she was dismissed because of his or her race *and* because of other non-merit factors, it is not required that the two criteria be alleged together. Either one or any of the other factors listed in Section 905.1 may stand alone as a basis for alleged discrimination.

450

### Order

And Now, this 13th day of August, 1980, the Order of the State Civil Service Commission, Appeal No. 2747, entered April 19, 1979, is affirmed.