Everett E. Shaefer, Petitioner *v.* West Chester State College, Department of Education, Respondent.

Submitted on briefs, September 12, 1980, before Judges MENCER, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*E. Craig Kalemjian, Lamb, Windle & McErlane,* for petitioner.

*Wayne M. Richardson,* Assistant Attorney General, for respondent.

OPINION BY JUDGE CRAIG, October 23, 1980:

Employee Everett E. Shaefer appeals from a decision of the State Civil Service Commission (commission) which dismissed employee's appeal and sustained the action of the West Chester State College in

the reassignment of employee from his position of Director of Business Affairs.

The commission found that employee has had a civil service classification as Institutional Business Manager III for more than thirty years. However, before February 5, 1979, employee held the working title of Director of Business Affairs.

On that date, the president of the college implemented a plan which reorganized the college's administrative structure, including employee's area of business affairs, and, after the reorganization, assigned employee the working title of Budget Director. Concomitant with his new working title, employee's duties changed and his areas of responsibility diminished.

Employee, pursuant to Section 951 of the Civil Service Law, Act of August 5, 1941, P.L. 752, *as amended,* added by Section 27 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.951, appealed to the commission his redesignation to Budget Director from Director of Business Affairs.

Employee contends that (1) the change constituted an improper demotion under Section 16 of the Civil Service Law, 71 P.S. §741.706, because there was no showing that he failed to perform his duties as Director of Business Affairs satisfactorily; and (2) that it was a discriminatory personnel action under Section 905.1 of the Civil Service Law, 71 P.S. §741.905(a) because it was based on non-merit factors.

The commission found against employee on both issues.

After a close examination of the record before us and the pertinent statutory language as to whether employee's reassignment constituted an improper demotion, as a matter of law, we hold that it did not.[1]

---

[1] This court's scope of review regarding State Civil Service Commission adjudications is limited to a determination of whether or

Section 1 of the Civil Service Law, 71 P.S. §741.3, defines demotion as a change in status to a position in a class carrying a lower maximum salary.

Although the working title was changed, the Vice President for Administration and Fiscal Affairs of the college presented uncontradicted testimony that employee retained his civil service classification of Institutional Business Manager III and remained in salary range 45.[2] Thus, no demotion occurred.

Moreover, on the record before us, we cannot hold that employee's reassignment was discriminatory based on non-merit factors, and therefore in violation of Section 905.1 of the Civil Service Law, 71 P.S. §741.905(a).

---

not an error of law has been committed, or a necessary finding of fact was unsupported by substantial evidence. *Philadelphia County Board of Assistance v. Cahan*, 24 Pa. Commonwealth Ct. 543, 358 A.2d 440 (1976).

[2] The pertinent testimony of Dr. Bell is as follows:

Q. And I take it that it is your position that the office of Budget Director falls within the salary range of 45, is that correct?

A. Yes.

Q. How is that so? How is it that the office of Budget Director falls within the salary range of 45?

A. Mr. Shaefer is the Budget Director. His salary is in the range, so it is 45.

. . . .

Q. Okay. And we can agree that Business Manager III carries the salary range of 45?

A. Yes.

. . . .

Q. You would not. And you are aware of no civil service classification or category that is typed Budget Director?

A. No more than I am that there is one for Director of Business Affairs.

Q. There is one for Business Manager III, correct?

A. And that is what Mr. Shaefer is serving in as Budget Director: Business Manager III.

The commission found credible and substantial the testimony offered by two witnesses of the employer that employee's reassignment was part of a reorganization designed to improve the facility's efficiency in student-related matters, thus to carry out the mission of the college more effectively. Reassignments emanating from such a nondiscriminatory motive do not, without more, violate Section 905.1. *Tempero v. Department of Environmental Resources,* 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979).

The employee possessed an outstanding work record, but discrimination cannot be inferred merely because of the existence of good performance ratings. There must be affirmative support of the allegations of discrimination. Here the employee failed to support his claim factually.

Accordingly, we affirm the decision of the commission.

ORDER

AND Now, this 23rd day of October, 1980, the decision of the State Civil Service Commission is hereby affirmed.