William C. Lawrence, Petitioner *v.* Commonwealth of Pennsylvania, Department of Labor and Industry, Respondent.

Argued October 6, 1982, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Gary M. Davis, Davis & Abramovitz,* for petitioner.

*Richard C. Lengler,* Assistant Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, November 9, 1982:

In this appeal from the Pennsylvania Civil Service Commission, appellant William Lawrence, a handicapped employee with the Bureau of Labor and Industry, asserts that in violation of the Civil Service Act (Act) the bureau demoted him without cause.[1] We agree.

The facts as found by the commission are not in dispute. In March 1978, the bureau promoted Mr. Lawrence from his position as Rehabilitation Counselor I to Rehabilitation Supervisor. Shortly there-

---

[1] Section 706 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.706, provides in pertinent part:

An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class.

71 P.S. §741.3(r) defines "demotion" as a "change in status to a position in a class carrying a lower maximum salary."

In Finding of Fact 14, the commission found that under the settlement agreement, the bureau was to pay Mr. Lawrence the same salary he received as a rehabilitation supervisor. However, in its Finding of Fact 16, the commission found that after his return to the lower classification, Mr. Lawrence "was at the top of pay range 35 and not eligible for further increments." Because even the bureau now admits that there may be insufficient evidence to support the fourteenth finding of fact and because the commission often refers to Mr. Lawrence as a "demoted" employee, we must conclude that his "demotion" meets the statutory definition.

after, the Pennsylvania Social Services Union (PSSU) filed a grievance on behalf of various female employees, alleging that the bureau's promotion of Mr. Lawrence was sexually discriminatory and therefore in violation of the state's collective bargaining agreement with the union. After protracted negotiations, the bureau and PSSU settled the grievance short of arbitration, the terms of the settlement providing that the bureau (1) return Mr. Lawrence to his former position and (2) reinstitute the promotion process.

In its findings of fact, the commission stated that Mr. Lawrence was qualified for the promotion and had performed his supervisory duties adequately. However, although it found no evidence to justify an involuntary demotion under Section 741.706 of the Act, the commission concluded that the collective bargaining agreement "established" a "promotion process," so that, under 71 P.S. §741.602, the agreement's terms were controlling over the Act.[2] Thus, the commission concluded that the bureau's promotion of Mr. Lawrence violated that agreement. Specifically, from the fact that the union and the state arrived at a pre-arbitration settlement agreement, the commission deduced that "elements of discrimination were present" in the promotion process, thereby justifying the bureau's action, which the commission relabeled as a "retraction" of a promotion. However, the commis-

---

[2] As amended by P.L. 676, October 7, 1974, 71 P.S. §741.602 provides in pertinent part:

Unless it is found to be in the interest of the service of the Commonwealth not to fill a vacant position, or unless the terms of a collective bargaining agreement in existence provide alternative promotion filling procedures, in which case the terms of such labor agreement shall be controlling, the appointing authority, within thirty days, shall appoint the person whose name is, or one of the persons whose names are, certified by the director.

sion's decision does not identify any "elements of discrimination."

In civil service cases, Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, defines our scope of review. Accordingly, we must decide if the commission violated constitutional rights, committed an error of law or failed to support a necessary finding of fact with substantial evidence. *Pennsylvania Department of Education v. White,* 60 Pa. Commonwealth Ct. 599, 604, 432 A.2d 291, 294 (1981).

Accepting the commission's findings totally, we note that the commission stated that the appellant "was *involuntarily demoted* due to the terms of the settlement agreement and *not because of any inadequacy in his performance"* as a rehabilitation supervisor.[3] (Emphasis supplied.)

The commission said: "We agree that, *on the basis of the evidence presented* in this action, *a demotion would not be justified."* (Emphasis supplied.)

The bureau cites *Pennsylvania Department of Education v. White* for the proposition that "a demotion cannot occur from a position to which a valid promotion could not have been made." 60 Pa. Commonwealth Ct. at 607, 432 A.2d at 295.

*White,* however, is distinguishable on its facts. In *White,* we found that the superintendent of Scranton State School for the Deaf exceeded his scope of authority when he promoted an employee to a position which the school's board of trustees refused to create. Consequently, we held that a demotion could not occur from a position which never existed. Here, no one contends that the bureau promoted Mr. Lawrence to a position which does not exist.

[3] Finding of Fact No. 19. In Finding No. 5, the commission also found that "[a]ppellant was promoted," in Finding No. 7 that he was qualified, and, in Finding No. 1, that he was "demoted in accordance with a pre-arbitration grievance settlement."

Therefore, we hold that the commission erred as a matter of law in relabeling the bureau's action a mere "retraction"; this was a demotion, and the commission itself has acknowledged that Mr. Lawrence's performance provided no cause.

Even if we were to agree with the commission that Mr. Lawrence's promotion could have been improper under the antidiscrimination terms of a collective bargaining agreement, we are unable to find in the record any evidence of discrimination in the bureau's promotion process. The mere settlement of a sex discrimination grievance before arbitration is not evidence that such discrimination occurred in fact. Mr. Lawrence was not truly a party to that settlement, except as he was represented by the same union which represented the female employees.

Indeed, the commission has told us nothing about the "promotion process"—the "alternative promotion filling procedure" under the collective bargaining agreement—which inferentially was not used, in violation of Section 602 of the Act. As noted above, the commission merely characterized the settlement as if it were an admission by the appointing authority that "elements of discrimination were present in the process," but an appointing authority cannot violate civil service demotion standards on the basis of a self-serving admission on its own part.

Sensitive as we are to the state's and union's desire to ensure fair and nondiscriminatory job selection through the bargaining process, we cannot permit their short-circuiting of that process to trammel upon the civil service rights of Mr. Lawrence.

We therefore reverse.

### ORDER

Now, November 9, 1982, we reverse the order of the State Civil Service Commission and order that the

Bureau of Labor and Industry reinstate William C. Lawrence to the position of Rehabilitation Supervisor, with reimbursement of the difference in back pay.