Anthony M. Carr, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Woodville State Hospital, Respondent.

Anthony M. Carr, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Woodville State Hospital, Respondent.

Argued October 7, 1982, before Judges BLATT, CRAIG and MacPHAIL, sitting as a panel of three.

*Robert L. Potter, Titus, Marcus & Shapira,* for petitioner.

*Marlene Jackson,* Deputy Attorney General, with her *Barbara G. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 15, 1983:

Anthony M. Carr (Petitioner) consolidates his appeals from two separate orders of the State Civil Service Commission (Commission). The first order sustains the action of the Woodville State Hospital (Employer) reassigning Petitioner from his position as Labor Relations Coordinator, to a position consistent with his classification as a Management Analyst II, regular status. Petitioner worked for his Employer in the classification of Management Analyst II since 1970. In 1971, however, Petitioner began performing labor relations functions in addition to Management Analyst duties. Eventually, most of Petitioner's time became devoted to labor relations work, so that in effect, Petitioner worked as a Labor Relations Coordinator but remained classified as a Management Analyst II.[1] This

---

[1] At the hearing before the Commission it was established by testimony that an attempt to reclassify Petitioner to the more appropriate class of a labor relations specialist had not been successful, since the labor relations function at the Employer Hospital

continued until October 1, 1980, when Petitioner was informed by his supervisors that he would no longer have any responsibility for labor relations, but would be assigned work in keeping with his classification as a Management Analyst II. Petitioner appealed this action alleging that this was not a reassignment but rather a discriminatory demotion based on non-merit factors in violation of Section 905.1 of the Civil Service Act (Act).[2] The Commission dismissed Petitioner's appeal and found that Petitioner's reassignment was proper and was not discriminatory.

The second Commission order involved in this consolidated appeal denied Petitioner's request for an administrative hearing. Petitioner sought this hearing when the Employer failed to appoint him to a newly created vacant position classified as Personnel Analyst II. This new job was in effect a labor relations specialty position requiring the performance of substantially the same duties Petitioner allegedly performed before while acting as Labor Relations Coordinator. Petitioner alleges generally that such action on the part of the Employer was discriminatory. The Commission denied Petitioner's request for a hearing, finding specifically that he failed to set forth specific acts of discrimination although he had been requested to do so on the preliminary inquiry form.

Petitioner raises many issues for our disposition and we will address them seriatim.

Initially, Petitioner contends that his Employer wrongfully failed to classify him in accordance with the duties he performed in his job as a Labor Relations

---

was classified only as a Specialist I rather than a Specialist II. Had Petitioner accepted this reclassification, he would have had to accept a decrease in salary from that which he was receiving as a Management Analyst II.

[2] Section 905.1 of the Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.905a.

Coordinator. He further argues that because he performed the out-of-classification labor relations function for so many years, he should now be deemed to have that status. We, however, are unable to answer these questions presented by Petitioner regarding his classification since they are not properly before us. Jurisdiction over classification issues lies with the Executive Board. *Gorton v. State Civil Service Commission*, 35 Pa. Commonwealth Ct. 319, 385 A.2d 1026 (1978). In the instant case the Commission refrained from discussing these classification issues in its adjudication. The Commission acted properly by not deciding any issues regarding the propriety of Petitioner's out-of-classification work since it had no jurisdiction to do so. *Gorton.* Consequently, we also refrain from handling these issues in this appeal.

Petitioner next asserts that he was involuntarily demoted and that this demotion was not supported by advance notice or a showing of unsatisfactory job performance within the meaning of 4 Pa. Code §99.32. We cannot agree that Petitioner was involuntarily demoted. Section 3(r) of the Act, 71 P.S. §741.3(r) defines demotion to mean "a change [in status] to a position in a class carrying a lower maximum salary." Here Petitioner did not receive a lower salary when he was directed to perform only Management Analyst II duties instead of both Management and labor relations work. In fact, Petitioner sustained no loss of salary at all. He had been compensated at a higher rate for the labor relations work he had been performing than he would have received had he been classified as a Labor Relations Coordinator I, which is the classification designation for the labor position at the Employer Hospital.

Petitioner was not demoted in any way; rather, he was reassigned duties in accord with his classification. The Act and the regulations, specifically 4 Pa. Code

§99.21,[3] permit an appointing authority, here the Employer Hospital, to reassign employees within the same or similar class without reason or just cause. This ability of the appointing authority is limited, however, by §905.1 of the Act, 71 P.S. §741.905(a) which prohibits discriminatory personnel action. On the record before us, we cannot hold that Petitioner's reassignment was discriminatory, based on non-merit factors, in violation of §905.1.

The Commission did not find credible[4] Petitioner's assertion that his reassignment was a scheme to oust

---

[3] 4 Pa. Code §99.21 states:

(a) A regular or probationary employe may be:

(1) reassigned from one position to another position in the same class or in a similar class in the same occupational service in the classification plan, under the same appointing authority; and

(2) transferred from one position to another position in the same class or in a similar class in the same occupational service in the classification plan, under a different appointing authority.

(b) A similar class shall be construed as one:

(1) having the same maximum salary rate in the compensation plan;

(2) involving essentially the same or lower level duties and responsibilities;

(3) requiring essentially the same or lower level minimum qualifications; and

(4) calling for essentially the same or lower level knowledges, skills, and abilities.

[4] It is well settled that this Court will not substitute its judgment for that of the Commission unless the adjudication was not in accordance with the law, a necessary finding of fact was unsupported by evidence, or constitutional rights were violated. Our duty is to examine the record for the purpose of determining whether or not the Commission exercised reasonable discretion and decide whether the findings were based on substantial evidence. The Commission's duty is to resolve questions of credibility and weigh the evidence. *Laurito v. Department of Transportation*, 62 Pa. Commonwealth Ct. 406, 436 A.2d 1236 (1981).

him, instigated by his supervisor with whom he had quarreled. Rather, the Commission found that Petitioner was reassigned duties in line with his classification. Such non-discriminatory motives do not violate §905.1 of the Act. *See Tempero v. Department of Environmental Resources*, 44 Pa. Commonwealth Ct. 235, 403 A.2d 226 (1979).

Petitioner finally contests the denial of the Commission to grant him a hearing when the Employer failed to appoint him to the newly created position of Personnel Analyst II.

When a person is aggrieved by an alleged violation of §905.1 of the Act, he may appeal the alleged discrimination to the Commission under §951(b) of the Act, 71 P.S. §741.951(b). In a §951(b) action an employee must recite specifically the basis underlying his claim of discrimination and then substantiate factually that claim upon hearing. *Siekiewicz v. Department of Public Welfare*, 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980). Here, however, Petitioner failed to set forth a specific recital of the basis underlying his claim of discrimination. His general averment was that he was the most qualified for the position and that the Employer's failure to appoint him was discriminatory. Where there is nothing in the record to substantiate the Petitioner's demand for a hearing before the Commission, in this case — no evidence of any discrimination whatsoever, the commission has no choice but to deny such a hearing. *Henly v. State Civil Service Commission*, 39 Pa. Commonwealth Ct. 287, 395 A.2d 330 (1978). The Commission did not abuse its discretion in so acting. The orders of the Commission must be affirmed.

## ORDER

It is ordered that the orders of the State Civil Service Commission, dated and numbered 3348, July 30, 1981 and 3535, August 20, 1981, are hereby affirmed.