Dorothy S. Wetzel, Petitioner *v.* Commonwealth of Pennsylvania, State Civil Service Commission, Respondent.

Submitted on briefs June 6, 1983, to Judges Rogers, Craig and MacPhail, sitting as a panel of three.

*Alaine S. Williams,* with her *Richard Kirschner, Kirschner, Walters, Willig, Weinberg & Dempsey,* for petitioner.

*Barbara G. Raup,* Chief Counsel, with her *Stephen Thompkins,* Assistant Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 6, 1983:

Dorothy S. Wetzel (Petitioner) appeals here from a decision of the State Civil Service Commission (Commission) which sustained the personnel action taken by the Elizabethtown Hospital for Children and Youth Development, a facility operated by the Department of Health (Department).

Petitioner was classified as a Food Service Supervisor II, regular status. As a result of a classification audit performed during the spring of 1981, the Department notified her that she was improperly classified and that her correct classification for the work she was performing was a Food Service Supervisor I, regular status. Petitioner was informed that she had the option of being furloughed or being voluntarily demoted to the classification of Food Service Supervisor I while retaining her civil service status and the same salary she had received while classified as a Food Service Supervisor II. Under protest, Petitioner signed and submitted a request for voluntary demotion to the Food Service Supervisor I classification. By letter dated July 10, 1981, Petitioner was informed that the appointing authority had approved her request for voluntary demotion effective July 15, 1981.

The Petitioner appealed to the Commission contending that she had been unlawfully demoted. The Commission held, however, that Petitioner's request for demotion was truly voluntary, that such a request was cognizable under the provisions of the Civil Ser-

vice Act (Act),[1] that Petitioner's reclassification was not a demotion within the meaning of that term as defined in the Act and that the Department acted properly in following the requirements of 4 Pa. Code §99.42.[2] At the time relevant to this appeal Section 99.42 stated:

> Reallocation to a lower class.
>
> When a position is allocated to a class with a lower maximum rate of compensation, the regular or probationary incumbent of such position shall be reassigned or transferred, if possible, provided the incumbent does not elect to remain in the position through voluntary demotion. Otherwise, the provisions of the Civil Service Act and Section 101.1 of this Title (relating to furlough) shall apply.

Before the Commission and before this Court Petitioner contends that the Commission exceeded its authority under the Act by promulgating Commission regulation Section 99.42 since there is no provision in the Act authorizing demotions as a result of reclassification. Petitioner reasons that only two provisions of the Act deal with demotion—Section 3(r)[3] which defines demotion as "a change [in status] to a position in a class carrying a lower maximum salary" and Section 706,[4] the substantive provision on demo-

---

[1] Act of August 5, 1941, P.L. 752, 71 P.S. §741.1-741.1005.

[2] Section 99.42 was amended effective March 6, 1982 and the provision dealing with reallocation of an employee to a lower class has been somewhat redrafted; however, the amendment is not relevant in this appeal.

[3] 71 P.S. §741.3.

[4] 71 P.S. §741.706 states:

> An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class. In case of

tion, which authorizes demotions in the following two instances:

1) When an employee fails to satisfactorily perform the duties of the position.

2) When an employee files a written petition requesting a demotion.

It is clear to us that Petitioner is attempting to bootstrap an appeal challenging her reclassification under the guise of an appeal challenging the validity of Section 99.42 by claiming that its promulgation exceeded the authority vested in the Department by the Act because the regulation permits the demotion of employees based upon classification audits. We cannot permit Petitioner to proceed in this manner.

As the Department aptly points out, the Commission lacks jurisdiction over classification issues. Instead, jurisdiction over classification matters lies exclusively with the Executive Board. *Carr v. Department of Public Welfare*, 72 Pa. Commonwealth Ct. 78, 456 A.2d 240 (1983); *Gorton v. State Civil Service Commission*, 35 Pa. Commonwealth Ct. 319, 385 A.2d 1026 (1978). Consequently, for the purposes of this appeal, we must begin our judicial review with the premise that Petitioner's reclassification was proper, particularly since Petitioner has not challenged the reclassification as such by an appeal to the Executive Board.

---

such demotion the employe shall have all rights of appeal as provided in this act. No employe shall be demoted because of his race, religion or political, partisan or labor union affiliation. A demotion may also be made by an appointing authority with the approval of the director upon the written petition of the employe stating the reasons therefor and supported by such evidence as the director may require to show that the employe is able to perform the duties of the class of position to which he petitions that he be demoted.

The next step of our analysis is to determine whether Petitioner's demotion[5] fits within the provisions of the Act providing for demotions. We hold that the Commission acted properly in finding that the voluntary demotion encompassed in Section 706[6] of the Act includes those obtained in circumstances such as this, where Petitioner voluntarily elected to be demoted in lieu of being furloughed. The record supports the Commission's determination that it was impossible to transfer or reassign Petitioner to another position in the Food Service Supervisor II classification due to lack of work. Petitioner's only other choice would have been to accept a furlough due to lack of work in her proper classification. She, however, voluntarily chose between the furlough and demotion options and decided to retain her pay rate and her civil service status by petitioning for a demotion. Simply because she did so under protest does not make her choice any less voluntary. If she chose otherwise she would have risked being furloughed or she would have

---

[5] We do not hereby hold that a reclassification downward without a reduction in pay is a demotion. We are treating Petitioner's acceptance of her reclassification as a demotion for purposes of this appeal because the parties and the Commission have analyzed it as such. Petitioner agreed to accept her reclassification through the option given her to elect a voluntary demotion. We see no need to determine whether in fact this was a demotion since it has been consistently treated as one.

[6] Petitioner contends that legislation has been introduced to amend Section 706 to state specifically that an appointing authority may demote an employee whose position is reclassified to a lower class. Petitioner further contends that there would be no need to amend Section 706 if it already authorized demotions for reclassifications. We cannot accept this reasoning. Simply because demotion by reclassification is not explicitly enunciated in the statute does not mean that the statute cannot be interpreted to allow demotion by means of reclassification. This is especially true here where Section 706 allows voluntary demotions and where Petitioner voluntarily chose to be demoted.

risked being placed in a job in a lower class with a lower rate of pay.

The appointing authority had the right to reclassify the instant Petitioner from a Supervisor II to a Supervisor I. Petitioner had the right to appeal that reclassification. As we have noted she has failed to do so. Since it was then impossible for the Petitioner to maintain her position and classification as a Supervisor II under the reclassification produced by the audit, she was not left with a "Hobson's Choice," as she alleges. She was given the option of selecting between furlough or voluntary demotion. She had the freedom to choose between two real alternatives and she made her choice voluntarily. She sought demotion.

Since this is a voluntary demotion within the meaning of Section 706 of the Act, we cannot accept Petitioner's contention that the Commission exceeded its authority under the Act by promulgating regulation Section 99.42. Section 99.42 authorizes an employee to continue performing the work she was doing prior to reclassification if she chooses to do so through voluntary demotion. This is exactly what transpired here and such a voluntary demotion does come within the authority granted by Section 706 of the Act. Consequently, Section 99.42 was a valid exercise of the Commission's regulatory power.

Order affirmed.

## ORDER

It is ordered that the order of the State Civil Service Commission numbered 3559 and dated May 5, 1982 is hereby affirmed.