Melvin Johnson, Petitioner *v.* Department of General Services, Respondent.

Argued May 9, 1985, before Judges DOYLE and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Gerald S. Robinson, Robinson and Geraldo,* for petitioner.

*Russel H. Albert,* Assistant Counsel, with him, *Gary F. Ankabrandt,* Chief Procurement & Government Operations, and Anthony P. Krzywicki, Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, August 13, 1985:

This is an appeal by Melvin Johnson (petitioner) from an opinion and order of the Pennsylvania Civil Service Commission (Commission) sustaining the decision of the Department of General Services (Department), which reclassified petitioner from his Civil Services position as an Equal Opportunity Analyst (EODA) IV to an EODA III.

Petitioner had been employed as a Contract Compliance Officer in the Department since February 1, 1972. Beginning in 1982, and continuing into the early part of 1983, the Office of Administration (OA) initiated a survey of Equal Opportunity Development Specialist positions within the Commonwealth. As part of its survey, the OA conducted an audit of EODA

positions. This audit resulted in the OA determining that petitioner's position was more properly assigned to the EODA III classification rather than EODA IV.

Petitioner appealed this reallocation to the Commission alleging that it was actually an involuntary demotion and that said demotion was based on non-merit factors in violation of the Civil Service Act.[1] On April 26, 1984, the Commission dismissed petitioner's appeal. An appeal to this Court followed.

Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether findings of fact are supported by substantial evidence. *Cunningham v. Civil Service Commission,* 17 Pa. Commonwealth Ct. 375, 332 A.2d 839 (1975).

Petitioner argues that his change in status was not a downward reallocation, but a demotion. We affirm the Commission's determination that the evidence indicates otherwise.

4 Pa. Code §99.42 provides as follows:

*Reclassification to a lower class*

(a) When a position is classified by proper classification authority to a class with a lower maximum rate of pay due to change in the duties and responsibilities of the position as a result of action such as, but not limited to, redistribution of duties, modification of responsibility, or *general program reorganization*—the regular or probationary incumbent of the position shall be reassigned if possible.

(b) If a reassignment not possible or if the regular or probationary incumbent of the position declines a reassignment, the incumbent shall continue in the reclassified position at the lower

---

[1] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§741.1-741.1005.

classification. An incumbent subject to the position reclassification shall have all rights of appeal as provided in the act except that an appeal to the Commission from the technical classification decision will not be accepted. An incumbent whose position is reclassified under this section shall be credited with seniority acquired in the higher class. (Emphasis added.)

Section 706[2] of the Act states that:

An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class. In case of such demotion the employe shall have all rights of appeal as provided in this act. No employe shall be demoted because of his race, religion or political, partisan or labor union affiliation. A demotion may also be made by an appointing authority with the approval of the director upon the written petition of the employe stating the reasons therefor and supported by such evidence as the director may require to show that the employe is able to perform the duties of the class of position to which he petitions that he be demoted.

In the instant case, Thomas J. Topolski, the Deputy Secretary for Administration at the Department, testified that he received a copy of the OA survey. This survey concluded that the "departmental compliance function . . . [would] have to be recast into a planned activity in order to manage it." Mr. Topolski stated that he reviewed the report and determined that a reorganization within the Department was in order. He,

[2] 71 P.S. §741.706.

therefore, decided to consolidate the offices of Contract Compliance, Affirmative Action and Minority Business Enterprises under the designation of Office of Minority Development (OMD). Antoinette Chapman was appointed as Director of the OMD. The reorganization was subsequently approved by the Executive Board. As a result of the reorganization and the selection of Ms. Chapman to manage and oversee the OMD, petitioner was relieved of some of his supervisory duties.

Nathaniel Murray, Jr., Personnel Analyst 4 in the Bureau of Personnel and Supervisor of the Classification and Standards Unit, testified that in March of 1983, he conducted a reclassification survey of the Contract Compliance Function and found that the work assigned to petitioner was more properly described in the EODA III classification as opposed to the EODA IV level.

John K. Lohr, Director of Personnel for the Department, testified that the Department reallocated petitioner's position downward because of the March 1983 survey.

Furthermore, there was testimony that petitioner's reclassification was not due to discrimination, that petitioner was not the only individual who was reclassified downward to an EODA III, and that petitioner had satisfactorily performed the duties of an EODA IV.

The Commission observed the demeanor of the witnesses and concluded that petitioner's reclassification was not the result of any discrimination, but was the result of a reorganization instituted by the OA and approved by the Executive Board.

Questions of credibility, the weight to be accorded evidence and the resolution of conflicting evidence are for the Commission to determine. *See Doerr v. Penn-*

*sylvania Liquor Control Board,* 88 Pa. Commonwealth Ct. 610, 491 A.2d 299 (1985).

A review of the record indicates there was sufficient evidence to support the Commission's findings and conclusions.

Accordingly, we affirm.

ORDER

AND Now, August 13, 1985, the order of the Pennsylvania Civil Service Commission, dated April 26, 1984, at Appeal No. 4645, is affirmed.