507 A.2d 1017

Office of Medical Assistance, Department of Public Welfare, Petitioner *v.* Homer L. Gelbaugh, Respondent.

Argued February 7, 1986, before Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*James S. Marshall,* Assistant Counsel, for petitioner.

*James L. Walsh, Melman, Gekas, Nicholas & Lieberman,* for respondent.

Opinion by Judge Colins, April 2, 1986:

The Office of Medical Assistance, Department of Public Welfare, (petitioner) seeks review of an order of the State Civil Service Commission (Commission) reinstating Homer L. Gelbaugh (respondent) to his position of Welfare Program Specialist II (WPS II) with back pay. Respondent worked from March of 1981 to December of 1982 in the Division of Claims Review and headed petitioner's Medical Pended Claims Unit (MPCU). During 1982, petitioner contracted much of the duties of the MPCU to a private company, and reassigned seventy-five percent (75%) of the MPCU staff to two other units in the Division of Claims Review.

The Commission's pertinent findings of fact are as follows:

> 8. On December 5, 1982, appellant, who had just returned from a vacation, was told by his immediate supervisor that appellant's position had been abolished.

9. The immediate supervisor also told appellant that appellant had the choice of accepting a lower-level position or 'walking the street.'

10. Beginning on December 6, 1982, appellant began reporting directly to the Director of the Division of Medical Assistance Management Information Systems (MAMIS).

11. Subsequent to December 6, 1982, the appointing authority's then WPS I, who had headed the pharmacy section of the MPCU, headed the remainder of the MPCU.

12. From December, 1982, to June, 1983, appellant, while being paid as a WPS II, was actually doing the duties of a Medical Assistance Program Specialist II (MAPS II), a lower-level classification, but neither his title nor his salary was changed at that time.

13. Appellant was moved to MAMIS, but not to a vacant position.

14. On December 15, 1982, appellant signed a statement agreeing to accept a 'voluntary demotion' from WPS II to MAPS II.

15. On June 24, 1983, the appointing authority abolished appellant's WPS II position and created the MAPS II position to which appellant was immediately demoted.

Petitioner seeks reversal of the Commission's order reinstating respondent to his WPS II job with back pay. It argues first that respondent's acceptance of a demotion in lieu of possible furlough owing to abolition of his WPS II position was voluntary and legal, and should not have been disturbed by the Commission. Petitioner further contends that both the abolition of the position and the threats of furlough were justified in accordance with

the requirements of the Civil Service Act (Act)[1] and the accompanying Rules of the Civil Service Commission (Rules).[2]

Our scope of review is limited to a determination of whether constitutional rights were violated, errors of law were committed, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Johnson v. Department of General Services*, 91 Pa. Commonwealth Ct. 96, 98, 496 A.2d 1268, 1269 (1985).

This Court has long recognized that under the Act, personnel actions of the Commonwealth must be based upon merit criteria which are relevant to the proper execution of the employee's duties, are job related, and which touch in some logical and rational manner upon competency and ability. *Kealy v. Pennsylvania Liquor Control Board*, 90 Pa. Commonwealth Ct. 477, 481-482, 496 A.2d 80, 82 (1985).

The Commission in this case found that petitioner's actions with respect to respondent violated the Act and its governing regulations. The demotion was not voluntary because consent was obtained by threats of an illusory furlough.[3] More pertinently, respondent was re-

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §§741.1-741.1005.

[2] 4 Pa. Code §§91.1-110.28.

[3] In *Wetzel v. State Civil Service Commission*, 77 Pa. Commonwealth Ct. 47, 465 A.2d 69 (1983), we held that a demotion under threat of furlough would be voluntary absent coercion or some other distinguishing fact. This case presents a distinguishing fact, namely that the threatened furlough was not occasioned by a lack of work, and could not legally have been implemented. Consequently, any threat of furlough was illusory or illegal and consent to a demotion could not be voluntary when obtained by fraud or threats of illegal acts. *Wetzel* is thus distinguishable as presenting a case of consent to demotion in the face of a valid or legitimate threat of furlough. In that case, consent would be voluntary, absent coercion or some other distinguishing factor.

moved from his position even though there was no lack of work as that term has been defined. The Commission found that another person was assigned to respondent's job and continued to occupy his position for more than six (6) months after respondent had been forced out. The underlying cause of these personnel shifts was not a lack of work. The burden was on petitioner to show a lack of work occasioned the personnel reallocation affecting respondent. *See Silverman v. Department of Education,* 70 Pa. Commonwealth Ct. 444, 454 A.2d 185 (1982); *O'Byrne v. Department of Transportation,* 92 Pa. Commonwealth Ct. 286, 498 A.2d 1385 (1985); *Behm v. State Civil Service Commission,* 90 Pa. Commonwealth Ct. 207, 494 A.2d 1166 (1985); *Department of Education v. Conmy,* 90 Pa. Commonwealth Ct. 359, 495 A.2d 976 (1985).

The cases of *Department of State v. Stecher,* 506 Pa. 203, 484 A.2d 755 (1984) and *Wetzel v. Department of Health,* 77 Pa. Commonwealth Ct. 47, 465 A.2d 69 (1983) are consonant with this analysis. *Stecher* requires an employer to demonstrate an underlying efficiency enhancement as a minimum condition of proving a lack of work resulted in personnel shifts. This burden was not carried here by petitioner. In *Wetzel,* the employer sustained the burden of showing that a lack of work existed. Thus, *Wetzel* is inapposite.

Credibility determinations and resolutions of conflicting evidence are left to the Commission. *Yoder v. Department of Labor and Industry,* 92 Pa. Commonwealth Ct. 177, 498 A.2d 491 (1985). Our review of the record indicates that substantial evidence supports the findings made, and we cannot disturb them on appeal absent error of law or constitutional violations. *Doerr v. Pennsylvania Liquor Control Board,* 88 Pa. Commonwealth Ct. 610, 491 A.2d 299 (1985).

For the above reasons, the Commission's order will be affirmed.

ORDER

AND NOW, this 2nd day of April, 1986, the order of the Pennsylvania State Civil Service Commission at Appeal No. 4604, dated August 15, 1984, is hereby affirmed.