514 A.2d 290

James C. McHale, Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued November 15, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Lawrence A. Durkin,* for petitioner.

*Joel M. Ressler,* Deputy Attorney General, with him, *Allen C. Warshaw,* Chief Deputy Attorney General, Chief, Litigation Section, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY SENIOR JUDGE KALISH, August 28, 1986:

Petitioner, James C. McHale, petitions for review of an order of the State Civil Service Commission (Commission), which denied his request for a hearing and dismissed his discrimination charge. Petitioner's petition for review seeks to invoke this court's original jurisdiction pursuant to 42 Pa. C. S. §761 and our appellate jurisdiction pursuant to 42 Pa. C. S. §763. In our original jurisdiction, petitioner seeks relief in the nature of *mandamus.* We note initially that petitioner has improperly sought to invoke our original jurisdiction. Where a Commonwealth agency has finally denied a request for a hearing, review thereof is properly, and solely, addressed to our appellate jurisdiction. *O'Brien v. State*

*Employees' Retirement System,* 503 Pa. 414, 469 A.2d 1008 (1983). We will, therefore, dismiss the petition for review to the extent that it seeks to invoke our original jurisdiction.

Petitioner works for the Department of Transportation (DOT) in Engineering District 4-0. DOT's Bureau of Personnel conducted a classification and organization survey of petitioner's office in October, 1983. As a result of the survey, petitioner, who had previously been classified as a Traffic Control Specialist Supervisor (Pay range 41), was reclassified downward to Traffic Control Specialist (Pay range 38). The reclassification allegedly reflected his current job duties. After receiving notice of his reclassification, petitioner timely notified the Commission of his desire to appeal, and to have a hearing on the reclassification decision. Petitioner filed his appeal using the Commission's appeal request form, and indicated on the form that he was appealing a "demotion" under section 951(a) of the Civil Service Act (Act), Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.951(a) (Purd. Suppl. 1985), and an "act of discrimination" under section 951(b) of the Act, 71 P.S. §741.951(b). The Commission, after conducting an investigation, issued an order on December 13, 1984, which denied petitioner's request for a hearing and dismissed his appeal.

On appeal, petitioner contends that he was entitled to a hearing since he was demoted and that the change in his employment status constituted an improper and discriminatory demotion because it was based on non-merit factors. Our scope of review of a Civil Service Commission order is limited to a determination of whether constitutional rights were violated, or whether findings of fact are supported by substantial evidence. *Johnson v. Department of General Services,* 91 Pa. Commonwealth Ct. 96, 496 A.2d 1268 (1985).

A Civil Service employee who appeals to the Commission pursuant to section 951(a) of the Act, on the ground that he or she was improperly demoted, must show first that a demotion and not a reclassification downward, did in fact occur. *See Johnson.*

In *Carr v. Department of Public Welfare,* 72 Pa. Commonwealth Ct. 78, 456 A.2d 240 (1983), a state employee's duties were reclassified, but his pay classification remained the same. There, this court held that no demotion took place. However, in *Lawrence v. Department of Labor and Industry,* 69 Pa. Commonwealth Ct. 628, 452 A.2d 108 (1982), where a state employee's promotion to a higher class was retracted, this court concluded that the retraction was really a demotion. Where an employee retains his or her classification *and* salary range, no demotion can be said to have occurred. *Shaefer v. West Chester State College,* 54 Pa. Commonwealth Ct. 327, 421 A.2d 502 (1980).

DOT contends that petitioner was not demoted since his salary remained the same. However, the fact that petitioner's current rate of compensation remained the same is irrelevant to determining whether he was demoted. What is important is that the maximum salary for a Traffic Control Specialist Supervisor during the time when petitioner was reassigned *was* higher than the maximum salary for a Traffic Control Specialist, a non-supervisory position. Section 3(r) defines a demotion as "a change [in status] to a position in a class carrying a lower maximum salary." Under the plain meaning of section 3(r), petitioner's reassignment was a demotion.

Section 951(a) of the Act, 71 P.S. §741.951(a), grants a regular employee the right to a hearing on the merits for a violation of the Act resulting in permanent separation, suspension for cause, furlough or demotion. Having concluded that petitioner was demoted, we find that

petitioner had a legal right to a hearing and that the Commission erred in not granting him one. Therefore, we must vacate the Commission's decision on this issue and remand the case for a proper hearing.

Under section 951(b) of the Act, a state employee who is aggrieved by an alleged violation of section 905.1 of the Act, 71 P.S. §741.905(a), relating to discrimination in personnel actions because of non-merit factors, is entitled to a hearing. However, the employee must, on the Commission's appeal request form, allege sufficient facts to indicate a violation of the Act's prohibition against discrimination. *Behm v. State Civil Service Commission*, 90 Pa. Commonwealth Ct. 207, 494 A.2d 1166 (1985); *Sienkiewicz v. Department of Public Welfare*, 53 Pa. Commonwealth Ct. 445, 417 A.2d 874 (1980). Appeals under section 951(b) of the Act which do not state specific acts of discrimination may be dismissed. 4 Pa. Code §105.12(c).

We have carefully reviewed the appeal request form submitted by petitioner to the Commission and conclude that petitioner has made no allegations of discrimination. Petitioner's appeal request form essentially complains that DOT failed to inform him that the survey was taking place, and that he was not given timely notice of the survey's results. Based on the information presented to the Commission in the form, we cannot say that petitioner has set forth any allegations of discrimination upon which he would be entitled to a hearing. We therefore must affirm the Commission's decision to dismiss petitioner's appeal under section 951(b) of the Act.

### ORDER

NOW, August 28, 1986, the order of the State Civil Service Commission in Appeal No. 5407, dated December 13, 1984, is affirmed insofar as it denies petitioner's

request for a hearing under section 951(b) of the Act. Insofar as the Commission's order denies petitioner's request for a hearing under section 951(a) of the Act, the decision is vacated and the matter remanded for a hearing on the merits. Jurisdiction relinquished.

To the extent that petitioner's petition for review invokes our original jurisdiction, it is dismissed.

---

CONCURRING AND DISSENTING OPINION BY JUDGE DOYLE:

I respectfully dissent from that portion of the majority opinion which holds that Petitioner was demoted. In applying the definition of demotion found at Section 3(r) of the State Civil Service Act,[1] to the present case, the majority writes:

> [T]he fact that petitioner's current rate of compensation remained the same is irrelevant to determining whether he was demoted. What is important is that the maximum salary for a Traffic Control Specialist Supervisor during the time

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. §741.3(r). We note that Purdon's Pennsylvania Statutes Annotated has incorrectly reported the definition of demotion. The original definition appearing in Section 3(s) of the Civil Service Act, Act of August 5, 1941, P.L. 752 read: " 'Demotion' means a change in status to a position in a class carrying a lower maximum salary." This definition was redesignated Section 3(r), and amended by Section 1 of the Act of August 27, 1963, P.L. 1257 to read as follows, " 'Demotion' means a change to a position in a class carrying a lower maximum salary." Purdon's has incorrectly printed the brackets [], and the words "in status" within those brackets, which the amendatory act of 1963 deleted and excised from the law. This incorrect pronouncement of the law has since been incorrectly published in case law. *See, e.g., Sterling v. Department of Environmental Resources,* 504 Pa. 7, 470 A.2d 101, (1983); *Wetzel v. State Civil Service Commission,* 77 Pa. Commonwealth Ct. 47, 365 A.2d 69 (1983).

> when petitioner was reassigned *was* higher than the maximum salary for a Traffic Control Specialist. . . .

Thus, the majority opinion, in deciding whether a change to a position in a class carrying a lower maximum salary has occurred, compares only the maximum salaries of the two pay ranges in question. This cannot be the correct comparison because every time an employee is reclassified downward, the maximum salary in the reclassified position will *always* be less than the maximum salary in the pre-reclassified position. Yet, reclassification downward is specifically authorized in Commission Regulation 99.42, 4 Pa. Code §99.42.

The facts in the present case reveal that the Petitioner and another employee, who was also classified as a Traffic Control Specialist Supervisor, were reclassified downward as the result of an extensive classification and organizational survey conducted over a ten day period in October of 1983 by the Department of Transportation's Bureau of Personnel. The survey report, dated November 17, 1983, recommended the reclassification of thirteen employees in Engineering District 4-0, which district had just undergone a reorganization.[2] Pe-

---

[2] The ten page organization survey report recommended, *inter alia:*

> This new organization structure for traffic appears to be a move in the right direction for better utilization of employes and alignment of functions. However, it does require the downward reclassification of two Traffic Control Specialist Supervisors, Messrs J McHale and J Culkin. Both employes no longer have supervisory responsibilities, and their new duties are properly allocable to the Traffic Control Specialist classifications.
> Mr McHale will be assisting municipalities in obtaining federal funding for traffic-related items such as the Pavement Markings and the Highway Signing Update Programs. Mr Culkin will be coordinating traffic control

titioner had been notified by letter in August of 1984 that his position had been "reallocated downward to the Traffic Control Specialist class," effective August 8, 1984, although he was to retain his current salary and civil service status. The letter reassured Petitoner "that this reallocation is not reflective of your performance, but is based solely on the classification review."

In *Davis v. Pennsylvania State Civil Service Commission*, 21 Pa. D. & C. 2d 199 (1959), the Court, in examining reclassification downward, was concerned with three different groupings of employees. The first group is not pertinent to our discussions here; the other two are. In the second group, an employee was reclassified from a higher level position in which she was being paid the maximum salary to a position carrying a *lower* maximum salary. But she was held *not* to have suffered a demotion because "there was no change in her status, for she continued to receive the same salary, and this amount was the highest . . . which she could have attained in her old classification." *Id.* at 205. In the third group, the employee's pre-reclassification salary was $120.00 below the maximum salary at the time of her reclassification. The Court noted that her reclassification operated to deny her the $120.00 *anticipated* increase or merit increment. Despite this, the Court held that "a careful reading of the act, . . . leads us unmistakably to the conclusion that where the change is the result of a general classification or reclassification by the [proper authority][3] there is no demotion, regardless of

studies pertaining to speed limits, accident investigations, warning signing, permit investigations, school student walking routes, and will review requests for route approvals for the new 48-foot/single, 28-foot twin trailer program.

[3] The exact wording of the opinion states, "If such change in her status had been brought about by the authority appointing her [instead of the State Civil Service Commission], it could be said that she had been demoted as defined by the act. . . ." *Id.* at 205.

what effect such . . . reclassification might have on an individual employe." *Id.* at 205. This is still good law.

In a more recent opinion we held that Commission regulation 99.42 is a valid exercise of the Commission's power, *Wetzel v. State Civil Service Commission,* 77 Pa. Commonwealth Ct. 47, 465 A.2d 69 (1983).[4] We have also recently sustained the *implementation* of the reclassification procedures. *Johnson v. Department of General Services,* 91 Pa. Commonwealth Ct. 96, 496 A.2d 1268 (1985). Additionally, we held in *Carr v. Department of Public Welfare,* 72 Pa. Commonwealth Ct. 78, 456 A.2d 240 (1983), that where, as here, there is *no loss in salary* there is no demotion.

If, in fact, a personnel action has occurred here it must be a reclassification downward. Jurisdiction over classification issues rests with the Executive Board. *Carr* (citing *Gorton v. State Civil Service Commission,* 35 Pa. Commonwealth Ct. 319, 385 A.2d 1026 (1978)). *See also Orage v. Office of Administration,* 85 Pa. Com-

---

The law has since changed and it is no longer the Commission that adopts or implements a reclassification, but the appointing authority itself. *See* Commission Rule 99.42; *Wetzel,* 77 Pa. Commonwealth Ct. at 52, 465 A.2d at 71. ("The *appointing authority* had the right to reclassify. . . .") (Emphasis added.)

[4] In *Wetzel,* a case involving a demotion in lieu of furlough, we held that the demotion was indeed "voluntary." The precise issue of whether a reclassification downward without a reduction in pay constituted a demotion was not reached. We stated:

We do not hereby hold that a reclassification downward without a reduction in pay is a demotion. We are treating Petitioner's acceptance of her reclassification as a demotion for purposes of this appeal because the parties and the Commission have analyzed it as such. Petitioner agreed to accept her reclassification through the option given her to elect a voluntary demotion. We see no need to determine whether in fact this was a demotion since it has been consistently treated as one.

*Id.* at 51 n.5, 465 A.2d at 71 n.5.

monwealth Ct. 497, 482 A.2d 1174 (1984) (holding that due process rights attach to an appeal from reclassification taken before the Executive Board). The Commission may hear a reclassification action only upon an allegation of discrimination. I agree with the majority that no such allegation has been properly set forth and because in addition no demotion has occurred, I would affirm the Commission's order.