614 A.2d 357

**Betty J. WEST, Petitioner,**

v.

**DEPARTMENT OF PUBLIC WELFARE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued May 15, 1992.

Decided Aug. 17, 1992.

James H. Logan, for petitioner.

Jeffrey P. Schmoyer, Asst. Counsel, for respondent.

Before McGINLEY and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

FRIEDMAN, Judge.

Betty J. West (Employee) appeals from the December 5, 1991 adjudication of the State Civil Service Commission (Commission) dismissing her appeal of a "retraction of promotion"[1]

---

1. Western Center's original notice used the terms "involuntary demotion" and "improperly promoted," although Western Center now ar-

from Institutional Business Manager (IBM) I regular status and returning her to Custodial Services Manager (CSM) II probationary status pursuant to Civil Service Commission Rule 95.7(d)(3).[2] We reverse and reinstate Employee to the IBM I classification.

Employee was first employed at Western Center, a Department of Public Welfare (DPW) facility (collectively designated herein as Employer) in July 1988 as a CSM I (Commission Finding of Fact 3). Her position was reclassified, and she was promoted to CSM II on July 27, 1989. Employee began working out of class in September or October, 1989 and performed duties typically assigned to the IBM I classification (Finding of Fact 4). Employee was reclassified and promoted to the IBM I classification on December 11, 1989 (Finding of Fact 5) pursuant to Rule 95.7(d)(3).[3]

Commission auditors performed an audit at Employer's facility in August 1990 and concluded that Employee's reclassification and promotion were improper. By letter dated November 23, 1990, Employer notified Employee that, effective January 4, 1991, Employee was being returned to CSM II status through "involuntary demotion." The letter continued, in pertinent part:

> As the result of a state civil service commission audit, it has been determined that, through no fault of your own, you were improperly promoted to the IBM I position. Specifically, the position to which you were promoted was a vacancy created by the reassignment of the former incumbent.
>
> As such, the position should have been filled through competitive civil service promotion/appointment processes.

gues retraction of improper promotion only. The distinction between involuntary demotion and retraction of promotion lies at the heart of this case.

**2.** 4 Pa.Code § 95.7(d)(3).

**3.** Rule 95.7(d)(3) states:
When a classification audit reveals that a position should properly be classified to a higher level, the incumbent of the position will be promoted without examination to the higher level if the incumbent possesses the established requirements for the higher classification.

Instead, Western Center promoted you through the reclassification process. Unfortunately, Western Center inadvertently did not comply with these requirements.

(R.R. 1a).

Employee appealed to the Commission pursuant to section 951(a) of the Civil Service Act.[4] She challenged the involuntary demotion and requested a salary save. (R.R. 3a). A hearing was held before the Commission in June 1991. Employee, facility director Joseph Corbin, and three other witnesses testified. On December 5, 1991, the Commission issued an adjudication and order dismissing Employee's appeal and sustaining Employer's action "retracting the promotion." (R.R. 164a). More specifically, the Commission reached the following Conclusions of Law: (1) The personnel action was not a demotion under section 706 of the Civil Service Act, *as amended*;[5] (2) the Employee's reclassification and promotion to the Institutional Business Manager I classification was improper under section 95.7(d)(3) of this Commission's rules; and (3) the appointing authority properly voided the Employee's reclassification and promotion as actions violative of section 95.7(d)(3) of the Commission's rules. (R.R. 163a–164a).

Employee now appeals to this Court.[6] On appeal, Employee argues that (1) the Commission violated section 706 of the Civil Service Act and section 99.32 of the Commission rules by sustaining Employee's demotion for non-performance related reasons and concluding that Employee's promotion was void *ab initio*; (2) Employer should be estopped from asserting the

4. Act of August 5, 1941, *as amended*, 71 P.S. § 741.951(a). Section 951(a) governs challenges to permanent separation, suspension for cause, furlough or demotion.

5. Section 706 provides in pertinent part:
An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class.

6. Our scope of review in civil service cases is defined by section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704 and is limited to determining whether there has been a constitutional violation or an error of law and whether the Commission's necessary findings are supported by substantial evidence.

invalidity of the Employee's promotion to IBM I status; and (3) Employee was entitled to a salary save. Employer counters that (1) Employee's reclassification/promotion was legally invalid under section 95.7(d)(3) of the Pennsylvania Code and that Employee was merely placed back in the position from which she was never validly promoted; and (2) Employer cannot be estopped from returning Employee to the CSM II position since estoppel does not lie against governmental agencies when there has been a violation of positive law. Employer also argues that the denial of a salary save is not an appealable issue. Because we reverse the order of the Commission and reinstate Employee to IBM I status pursuant to section 706 of the Act and section 99.32 of the Commission rules, we need not reach the issues of estoppel or salary save at this time.

In civil service cases, an employee who appeals to the Commission alleging involuntary demotion must first show that a demotion and not a reclassification downward has occurred. *McHale v. Commonwealth, Department of Transportation*, 100 Pa.Commonwealth Ct. 148, 514 A.2d 290 (1986), *rev'd on other grounds*, 520 Pa. 282, 553 A.2d 956 (1989). However, in the present case, the Commission shifted the burden of proof to Employer because it reasoned that Employer erroneously designated the personnel action at issue an involuntary demotion rather than a retraction of promotion and had the burden of justifying its action.[7] Our careful

---

7. The Commission noted:

Despite its original designation of the action as "involuntary demotion" the notice issued by the appointing authority contains a full statement of the reason underlying the action—i.e., that the appellant's [employee's] promotion had been retracted because it was improperly effected as a reclassification rather than as a promotion to a vacant position. Comm.Ex. A. This to our minds constitutes actual notice of the matter under consideration. Accordingly, although the appeal would, had it been properly designated, have been heard under Section 951(b) of the Act, the appointing authority's erroneous designation having led both the appellant [employee] and this Commission to view the matter as one appealable under Section 951(a), we see no injury to the appellant [employee] caused by our assignment of the burden to the appointing authority. The appointing authority, by its designation of the action as an "involuntary demotion", has assumed that higher burden.

review of the record and the briefs in the case at bar suggests that Employer has not met its burden.

It is clear from the record that Employer intended its original personnel action to be both the reclassification of a position and the promotion of an individual at the same time. (R.R. 53–54a). However, Employer failed in its attempt to accomplish both actions simultaneously, and later attempted to correct its error with an invalid personnel action. Employee correctly argues that "she fit within the regulatory guidelines of 4 Pa.Code § 95.7(b)(5)." [8] (Employee's brief at 13). Employer relied instead, on section 95.7(d)(3) for the promotion, and now attempts to demote Employee by admitting that it made a mistake.

Both section 706 of the Act and section 99.32 of the Commission rules restrict demotions to unsatisfactory performance by the employee. Consistent with section 706 (previously cited in this opinion), section 99.32 mandates the following procedure to be used for demotions to a different class:

> An appointing authority may demote an employee who requests the demotion or who does not satisfactorily perform the duties of the position to which appointed or promoted, to a position in any class in the classified service in which the employee previously had the status of a regular employee, or to any position for which the employee is qualified.

The evidence presented at the hearing in the present case supports the fact that Employee's performance was not only satisfactory but was exemplary. Indeed, Employer stipulated to that fact. (R.R. 32a, 69–70a).

(R.R. 162).
In our view, the Commission's reasoning is consistent with the requirements of procedural due process.

8. Section 95.7 governs promotion methods and preferences and states, in pertinent part:
   (b) Vacancies may be filled by promotion in the following ways:
   . . . .
   (5) by appointment of regular employes without formal examination, based upon meritorious service, seniority, and the unqualified recommendation of the employe's immediate superior and the appointing authority.

In support of its assertion that Employee's original promotion was void *ab initio*, Employer cites *Pennsylvania Department of Education v. White*, 60 Pa.Commonwealth Ct. 599, 432 A.2d 291 (1981). We disagree with Employer and find *White* inapposite. In *White*, an employee was promoted to a higher salaried position which had not been activated or approved by the appointing authority. The *White* court held that the employee's return to his original position was not a demotion because his promotion had been legally invalid and reasoned that:

> To permit an employee to parlay the combination of his permanent duties and his temporary additional rotating duties into a higher job classification which he knew the board had declined to establish would be to place this court's imprimatur upon a circumvention of the intent manifested by the legislature in its designation of appointing authorities with statutorily delineated powers and duties to appoint, promote, demote and otherwise deal with state agency personnel.

*White*, 60 Pa.Commonwealth Ct. at 607, 432 A.2d at 295.

Clearly, the facts in the case at bar are distinguishable from those in *White*. There is ample testimony on the record revealing that Employer actively sought Employee's services in the IBM I role. In the present case, Eric Bost (facility director), Joseph Corbin (personnel director of the DPW) and Toledia Nivios of the DPW actually recruited Employee for the position vacated by another individual. (R.R. 64a–67a).

We agree with Employee that the facts in the present case indicate that she had obtained the recommendation of the hiring authorities who initiated her promotion. Employee correctly cites *Lawrence v. Department of Labor and Industry*, 69 Pa.Commonwealth Ct. 628, 452 A.2d 108 (1982) as precedent in this case. In *Lawrence*, the original promotion of an employee violated the terms of the relevant collective bargaining agreement and the employee was demoted to correct that violation. The Commission found that the employee's original promotion had been invalid and therefore concluded that a retraction of promotion, rather than a demo-

tion had occurred because there was no evidence of unsatisfactory performance. In reversing the Commission, this court reasoned that the Commission acknowledged that the employee's performance did not justify demotion under section 706 of the Act. The court stated:

> Sensitive as we are to the state's and union's desire to ensure fair and nondiscriminatory job selection through the bargaining process, we cannot permit their short circuiting of that process to trammel upon the civil service rights of Mr. Lawrence.

*Lawrence*, 69 Pa.Commonwealth Ct. at 632, 452 A.2d at 110.

Similarly, in the case at bar, section 706 of the Act must control. Employer cannot escape from its statutory obligations to Employee merely because of its own mistakes. As Employee correctly notes, there is no language in either section 706 or section 99.32 of the Commission rules excusing employer error in the matter of promotion or demotion.

Accordingly, because Employer violated section 706 of the Act and section 99.32 of the Commission rules, we reverse and reinstate Employee to the IBM I position.

## ORDER

AND NOW, this 17th day of August, 1992, we reverse the order of the State Civil Service Commission, dated December 5, 1991, and reinstate Employee to the IBM I classification.