509 A.2d 910

Barnet Roetenberg, Petitioner *v.* Commonwealth of Pennsylvania, Office of Budget, Respondent.

John S. Woelfl, Petitioner *v.* Commonwealth of Pennsylvania, Office of Budget, Respondent.

Argued February 6, 1986, before Judges MACPHAIL, DOYLE and COLINS, sitting as a panel of three.

*Edgar R. Casper, Gross & Casper,* for petitioners.

*Frank A. Fisher, Jr.,* Assistant Counsel, with him, *John D. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 19, 1986:

Barnet Roetenberg and John S. Woelfl (Appellants) appeal from an adjudication of the State Civil Service Commission (Commission) which sustained the action of the Office of Budget (OB) in furloughing them from their positions effective July 29, 1983. Both Appellants had held the position of Accounting Executive I (AEI). We reverse and remand.

Prior to their July 29, 1983 furlough, Appellants were employed as Assistant Comptrollers in OB's Revenue Comptroller office. OB was reorganized with nine comptroller offices being reduced to seven. As a result of the reorganization, OB found it necessary to furlough four individuals in the AEI classifications.

Our scope of review in considering an order of the State Civil Service Commission is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the Commission's findings of facts were supported by substantial evidence. *Johnson v. Department of General Services,* 91 Pa. Commonwealth Ct. 96, 496 A.2d 1268 (1985).

OB determined that it would need 17 individuals to fill AEI positions after the reorganization. At the time, there were 22 people filling such positions. One of them, a Mr. Evans, was reassigned to a position in the Bureau of Financial Management, rejected that assignment and took a position in the Department of Revenue prior to the reorganization.[1] That left 21 people for 17 positions. OB decided to furlough 4 individuals.

---

[1] Notes of testimony from July 20, 1984 (N.T.) at 67 and 105, R.R. at 70a and 108a.

There was uncontroverted evidence presented that one of the 21 individuals who was left filling the AEI positions, a Mr. Higgins, was substituted for Mr. Evans and assigned to the Bureau of Financial Management.[2] Another one of the 21, a Mr. Deemer, was assigned to the Bureau of Operations Review.[3] Both Mr. Higgins and Mr. Deemer were transferred on August 2, 1983, just four days after Appellants' furlough. Because OB had already furloughed four individuals, the transfers of Mr. Higgins and Mr. Deemer left it with just 15 AEI's. OB remedied this shortfall by importing 2 AEI's from the Bureau of Financial Management.[4]

Section 802 of the Civil Service Act[5] provides in pertinent part:

A furloughed employe shall have the right of return to any class and civil service status which he previously held, provided such class is contained in the current classification plan of the agency; or to any class and civil service status in the same or lower grade, provided that he meets the minimum qualifications given in the classification plan of the agency. The appointing authority shall promptly report to the director the names of employes furloughed, together with the date the furlough of each is effective and the character of his services. Under the rules a regular employe furloughed shall for a period of one year be given preference for reemployment in the same class of position from which he was furloughed and shall be eligible for appointment to a position of a similar class in other agencies

---

[2] N.T. at 105-107, R.R. at 108a-110a.

[3] N.T. at 107-108, R.R. at 110a-111a.

[4] N.T. at 109-110, R.R. at 112a-113a.

[5] Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §741.802.

under this act . . . provided that in case of a promotion of another employe such preference shall not be effective if it necessitates furloughing such other employe. . . .

The Commission made no findings concerning the two individuals who were transferred into the Revenue Comptroller's office other than to note that their transfer date was subsequent to Appellants' furlough date. According to the uncontroverted testimony, the four individuals who were furloughed, two of whom were Appellants, were obviously not given preference for reemployment in that two others, from outside the Comptroller's office, were transferred in to fill the positions.

While we conclude that the Commission clearly erred in not considering the effect of Section 802 on Appellants' appeals, we are unable to afford Appellants any relief on the record now before us. There were four individuals furloughed. We consider here the appeals of two of those individuals. The Commission, since it failed to consider Section 802, made no findings as to whether either or both of the Appellants were entitled to the rehiring preferences of Section 802 or if one or both of the other two individuals should have been rehired. We, therefore, must remand the case to the Commission so that it may make findings on this issue before we can properly perform our appellate review function.

### ORDER IN 652 C.D. 1985

The adjudication of the Pennsylvania Civil Service Commission dated February 22, 1985, Appeal No. 4640, is reversed and the case remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

ORDER IN 653 C.D. 1985

The adjudication of the Pennsylvania Civil Service Commission dated February 22, 1985, Appeal No. 4641, is reversed and the case remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.