Hortence Shaw and Raymond Morgan, Petitioners *v.* A Classification Review Board, Bureau of Personnel, Office of Budget and Administration, Governor's Office, Respondent.

Argued February 1, 1984, before Judges ROGERS, PALLADINO and BARBIERI, sitting as a panel of three.

*William G. Dade, Dade & Walwyn,* for petitioners.

*Steven O. Newhouse,* Assistant Counsel, with him *John D. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, April 4, 1984:

The Office of Budget and Administration (Respondent) seeks to quash the appeal of Hortence Shaw and Raymond Morgan (Petitioners). Petitioners are appealing a letter from the Director of the Bureau of Personnel (Director), which informed them that their job classification is proper. For the reasons set forth below we are granting the Respondent's Motion to Quash.

Petitioners are employed by the Department of Public Welfare and are each classified as Region Children and Youth Representative I. They requested a reclassification to Region Children and Youth Representative II. A hearing was held before the Classification Review Board (Board) which concluded that the Petitioners were properly classified as Representatives I. The Board forwarded its recommendation that the Petitioners' classifications were proper, to the Director who, in turn, sent a letter to the Petitioners advising them of the Board's recommendation.

In ruling on the Respondent's motion we note that the Petitioners' appeal must be from an "adjudication" if it is to be allowed.[1] The adjudication, which has been legislatively defined,[2] must affect "personal or property rights, privileges, immunities, duties, liabilities or obligations."[3] For a personal or property

---

[1] Administrative Agency Law, Act of April 28, 1978, P.L. 202, *as amended,* 2 Pa. C. S. §702.

[2] 2 Pa. C. S. §101.

[3] *Id.*

right to exist there must be an expectation or entitlement to the right.[4] There is none in the case at bar, and indeed, none is alleged.

Petitioners would have us believe that since adjudication is defined so as to include "duties" and "liabilities" the Director's letter notifying them of the Board's determination must be an adjudication. The Petitioners misinterpret the statutory language. Their duties and liabilities are not affected; they have not changed. The issue before the Board was that of classification—the appendage of the correct title to the Petitioners' duties. This labeling of responsibilities is ministerial in nature and thus fails to provide the requisite adjudication necessary for appellate review.[5]

Alternatively Petitioners contend that even if they do not have a right to appeal under the Administrative Agency Law they still have a right to appeal under the Judicial Code.[6] The Judicial Code requires a final order for a right of appeal to exist.[7] For the same reasons that the Director's letter did not represent an adjudication it also cannot be considered a final order.

ORDER

AND Now, April 4, 1984, the Respondent's Motion to Quash is hereby granted.

---

[4] *Sergi v. School Dist., City of Pittsburgh*, 28 Pa. Commonwealth Ct. 576, 580, 368 A.2d 1359, 1361 (1977) ; *Amesbury v. Luz. County Inst. Dist.*, 27 Pa. Commonwealth Ct. 418, 421, 366 A.2d 631, 633 (1976).

[5] *School Dist. of Lancaster v. Commonwealth of Pennsylvania, Department of Education*, 73 Pa. Commonwealth Ct. 246, 458 A.2d 1024 (1983) ; *see also Dingel v. State Emp. Ret. Sys.*, 62 Pa. Commonwealth Ct. 79, 435 A.2d 664 (1981).

[6] Act of July 9, 1976, P.L. 586, *as amended*, 42 Pa. C. S. §§101-20000.

[7] Judicial Code, 42 Pa. C. S. §5105.