John L. Orage, Petitioner *v.* Commonwealth of Pennsylvania, Office of Administration, Respondent.

Argued May 1, 1984, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR., CRAIG, MACPHAIL, DOYLE, BARRY and COLINS.

*Betty F. Perry, Killian & Gephart,* for petitioner.

*Nathan C. Pringle, Jr.,* Assistant Counsel, with him, *Jay C. Waldman* and *John D. Raup,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 15, 1984:

John L. Orage, a Department of Transportation (DOT) employe, appeals from the Office of Adminis-

tration's (OA) Classification Review Board's (Board) decision which denied his reclassification request. The OA seeks to quash the appeal for lack of appellate jurisdiction.

In January 1983 Orage demanded that DOT reclassify his position from Construction Cost Specialist IV to Program Analyst V. DOT subsequently assigned Orage's job to the Program Analyst III class. Dissatisfied with this reclassification, Orage appealed to the Bureau of Personnel of OA (Bureau) which—jointly with DOT—audited his position's duties and responsibilities. In June 1983 the OA determined that Orage's job "is reflective of the level of responsibility" consistent with the Program Analyst III class specifications.

Still seeking reclassification to Program Analyst V, Orage appealed to the Board for a hearing regarding the accuracy and fairness of the Bureau's determination. Proceedings transpired on July 18, 1983, and, by letter dated August 15, 1983, the Board upheld the Bureau's Program Analyst III reclassification. Orage appealed to this Court from the adverse decision embodied in the Board's August 15, 1983 letter, and the OA filed a motion to quash the appeal for lack of subject matter jurisdiction.

Our jurisdiction over this appeal hinges on whether the Board's refusal to reclassify Orage's job constitutes an "adjudication" as defined under Section 101 of the Administrative Agency Law (Law), 2 Pa. C. S. §101.[1] *See* Section 702 of the Law, 2 Pa. C. S.

---

[1] Section 101 of the Law pertinently defines "adjudication" as

[a]ny final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceedings in which the adjudication is made. . . .

§702; Section 763 of the Judicial Code, 42 Pa. C. S. §763. To qualify as an adjudication the Board's letter denying reclassification must, with finality, affect Orage's personal or property rights, privileges, immunities, duties, liabilities or obligations. While the Board's letter embodied the government agency's final decision, the narrow fundamental question is whether the ruling impinged upon the employe's property rights. *See Guthrie v. The Borough of Wilkinsburg,* Pa. , 478 A.2d 1279 (1984).

Property rights are found, under both procedural due process and the Administrative Agency Law, whenever statutes or rules or contractual and quasi-contractual "understandings" create a legitimate claim of entitlement to a benefit. *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972). The principle inquiry, therefore, is whether Orage has a legitimate claim of entitlement to having his position properly (*i.e.*, accurately and fairly) classified.

The Executive Board[2] is generally empowered to standardize the titles, salaries, wages and employment qualifications of most Commonwealth employes; and, in developing standards it may "[e]stablish different standards for different kinds, grades and classes of similar work or service." Section 709(a)(2) of The Administrative Code of 1929.[3] The Executive Board is further authorized to adopt standards and rules to which "[t]he classification of positions and the compensation of employes in the classi-

---

[2] The Executive Board is comprised of the Governor and six gubernatorially designated heads of administrative departments. Section 204 of The Administrative Code of 1929, Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §64.

[3] 71 P.S. §249(a)(2).

fied service shall conform.'' Section 707 of the Civil Service Act.[4]

In developing a comprehensive classification scheme that classifies positions held by employes of agencies subject to The Administrative Code of 1929, the Executive Board promulgated a glossary of applicable terms. *See* 4 Pa. Code §23.2 (''Rules''). ''Position'' was defined as an ''identified group of duties and responsibilities,'' and ''class'' was denominated as

> [a] group of positions sufficiently similar with respect to duties and responsibilities so that the same title and code . . . may be used to describe all positions included in the group and so that the positions may be treated alike for recruitment, selection, pay, and other personnel purposes.

*Id.*[5] The term ''reclassification'' includes ''[t]he reassignment of a position from one class to a different class to recognize a change in duties and responsibilities *or to correct an error in the original assignment.*'' *Id.* (Emphasis supplied.)

The Rules and Civil Service Act, therefore, command that jobs requiring sufficiently similar duties

---

[4] Act of August 5, 1941, P.L. 752, *as amended*, added by Section 17 of the Act of August 27, 1963, P.L. 1257, 71 P.S. §741.707.

[5] Section 3(f) of the Civil Service Act, 71 P.S. §741.3(g) similarly defines "class" to mean

> a group of positions in the classified service which are sufficiently similar in respect to the duties and responsibilities thereof that the same descriptive title may be used for each of such positions, the same requirements as to experience, knowledge and ability are demanded of incumbents, the same tests of fitness may be used to choose qualified appointees, and the same schedule of compensation may be made to apply with fairness under like working conditions.

and responsibilities be classed together to ensure equal treatment regarding recruitment, selection and compensation. The statutory and regulatory mandate of equal treatment for employes with sufficiently similar duties and responsibilities creates an enforceable expectation that one's position is accurately and fairly classified. Orage, accordingly, has a legitimate claim of entitlement (*i.e.*, a property right) to having his job placed in that class whose specified duties and responsibilities most closely resemble his own.

We conclude that the Board's letter of August 15, 1983, which refused Orage's reclassification request, constitutes an adjudication for purposes of appeal under the Administrative Agency Law and the Judicial Code. Our panel decision in *Shaw v. Bureau of Personnel, Office of Budget and Administration,* 81 Pa. Commonwealth Ct. 331, 473 A.2d 726 (1984),[6] which is directly contrary to this holding, is *expressly* overruled.

The OA's Motion to Quash is accordingly denied. Because the Board's proceedings were not conducted in accordance with the Administrative Agency Law (*e.g.,* the Board failed to make a stenographic record of the hearing and issue findings of fact and conclusions of law), the case is remanded to the Board for proper proceedings.

ORDER

AND Now, this 15th day of October, 1984, the Office of Administration's Motion to Quash the Petition for Review docketed to No. 2493 C.D. 1983 is denied.

---

[6] In *Shaw* the Board's refusal of job reclassification requests was held not to constitute an adjudication within the intendment of the Administrative Agency Law.

502

The record is remanded to the Classification Review Board for proceedings pursuant to the Administrative Agency Law.

Jurisdiction relinquished.

Judges MACPHAIL and COLINS dissent.