515 A.2d 852

**COMMONWEALTH of Pennsylvania, OFFICE OF ADMINISTRATION, Appellant,**

v.

**John L. ORAGE, Appellee.**

Supreme Court of Pennsylvania.

Argued June 3, 1986.

Decided Sept. 25, 1986.

Nathan C. Pringle, Jr., Robert J. Schwartz, Philadelphia, for appellant.

Susan J. Forney, Andrew S. Gordon, Allen C. Warshaw, Harrisburg, amicus curiae for Office of Atty. General.

Betty F. Perry, Robert W. Barton, Harrisburg, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from an order of the Commonwealth Court which held that civil service job reclassification proceedings are subject to the procedural requirements of the Administrative Agency Law, 2 Pa.C.S.A. § 101 et seq. *Orage v. Commonwealth, Office of Administration*, 85 Pa. Commw.Ct. 497, 482 A.2d 1174 (1984). Specifically, it was held by Commonwealth Court that civil service employees seeking to have their jobs reclassified have a legitimate claim of entitlement, i.e. a property right, to have their jobs placed in classes whose specified duties and responsibilities most closely resemble their own, and, thus, under the Administrative Agency Law, that such employees have a right to appeal adverse determinations to Commonwealth Court.

The appellee, John L. Orage, was employed by the Department of Transportation as a Construction Cost Specialist IV. Asserting that his duties were those of a Program Analyst V, Orage requested that his job be reclassified. A review was made of Orage's request but it was determined that Orage's duties were those of a Program Analyst III, and, hence, Orage was reclassified as such. Dissatisfied with this classification, Orage then appealed to the Commonwealth's Office of Administration to have his position reclassified to a higher level of Program Analyst. Reclassification was, however, denied. An appeal was taken to Commonwealth Court, whereupon the Office of Administration filed a motion to quash the appeal for lack of subject matter jurisdiction. The motion to quash was denied on grounds that Commonwealth Court has jurisdiction over

appeals from administrative "adjudications," 2 Pa.C.S.A. § 702, and the Office of Administration's refusal to reclassify Orage's job was regarded by Commonwealth Court as being such an "adjudication." Thus, the issue presented by the instant appeal is whether the refusal to reclassify Orage's job was properly regarded as an "adjudication."

In the Administrative Agency Law, 2 Pa.C.S.A. § 101, the term "adjudication" is defined, in relevant part, as follows: "Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made." Commonwealth Court held that employees have property rights in having their jobs accurately classified, and, thus, determined that adverse determinations in reclassification proceedings constitute "adjudications" from which employees are entitled to appeal. Finding that the proceedings below had not been conducted in accordance with the Administrative Agency Law, to wit, that there had not been made a stenographic record of the hearing and that findings of fact and conclusions of law had not been issued, Commonwealth Court remanded for proper proceedings.

■ It is well established that employment with the government is not a matter to which one has a per se right. *Kelly v. Jones*, 419 Pa. 305, 312–313, 214 A.2d 345, 350 (1965). Rather, if an employee is entitled to employment, the source of the entitlement must normally be legislative or contractual in nature. *Guthrie v. Borough of Wilkinsburg*, 505 Pa. 249, 256, 478 A.2d 1279, 1282 (1984). See also *Sterling v. Commonwealth, Department of Environmental Resources*, 504 Pa. 7, 14, 470 A.2d 101, 104 (1983) (Opinion in Support of Affirmance); *Scott v. Philadelphia Parking Authority*, 402 Pa. 151, 166 A.2d 278 (1960). Given that there is no per se right to governmental employment itself, it follows that there is no right to have one's job designated by a particular classification unless there can be discerned a specific legislative or contractual provision cre-

ating such a right. In the instant case, no such provision is to be found.

▪ There exists in the Commonwealth an Executive Board, comprised of the Governor and six gubernatorially designated heads of administrative departments. 71 P.S. § 64. The Executive Board is empowered to standardize the employment qualifications, titles, salaries, and wages of persons employed by most of the Commonwealth's administrative departments, boards, and commissions. 71 P.S. § 249(a). In establishing such standards, the Executive Board "may ... [e]stablish different standards for different kinds, grades and classes of similar work or service." 71 P.S. § 249(a)(2). Further, it is provided that "[t]he classification of positions and the compensation of employes in the classified service shall conform to standards and rules adopted by the Executive Board." [1] 71 P.S. § 741.707. The latter provision, while directing that classifications are to conform to standards and rules adopted by the Executive Board, fails to contain any language granting employees enforceable property rights in the administration of the Commonwealth's classification system. This is evident upon comparison of the instant provision with other provisions of the Civil Service Act which clearly create enforceable rights in employees.

▪ For example, 71 P.S. § 741.807 provides that no civil servant may be dismissed from employment absent just cause. Similarly, 71 P.S. § 741.706 provides that civil servants may be demoted only when they fail to satisfactorily perform the duties of their current positions and are able to perform the duties of lower classifications. With respect to each of these directives, however, there are set forth in the

---

**1.** The Executive Board has promulgated rules defining "reclassification" as the "reassignment of a position from one class to a different class to recognize a change in duties and responsibilities or to correct an error in the original assignment," and the Board has defined "class" as a "group of positions sufficiently similar with respect to duties and responsibilities so that the same title and code ... may be used to describe all positions included in the group and so that the positions may be treated alike for recruitment, selection, pay, and other personnel purposes." 4 Pa.Code § 23.2.

Civil Service Act specific procedural protections which explicitly give employees enforceable rights in assuring compliance with the directives. For example, 71 P.S. § 741.950 provides that every person in the classified service is entitled to written notice of personnel actions taken with respect to him under the Civil Service Act, and, in the case of permanent separation, suspension for cause, or demotion, the notice must expressly set forth the reasons for the action. In addition, 71 P.S. § 741.951(a) provides that every regular employee in the classified service is entitled to an appeal and hearing before the Civil Service Commission when such employee has been subjected to a permanent separation, suspension for cause, furlough, or demotion. These procedural rights are expressly provided in the cases of the aforementioned personnel actions, but not with respect to reclassification proceedings. Had the legislature wished to accord the same status to the reclassification of positions, it certainly would have expressly provided the same procedural protections. Further, it would be anomalous to conclude that hearings and appeals regarding other employment decisions are to be conducted under the aegis of the Civil Service Act, with the sole exception being reclassification decisions which would be reviewed under the Administrative Agency Law provisions applicable to "adjudications".

As stated in *Sterling v. Commonwealth, Department of Environmental Resources,* 504 Pa. 7, 14, 470 A.2d 101, 104 (1983) (Opinion in Support of Affirmance), "No property interest in government employment exists per se which makes denial of a right of appeal a violation of due process, *Kelly v. Jones,* 419 Pa. 305, 214 A.2d 345 (1965); accordingly, the scope of an employee's right to appeal actions of his employer is circumscribed by the Act which has created it." Upon examination of the applicable statutory provisions, heretofore discussed, it is evident that there has not been set forth a right to appeal reclassification decisions.

This conclusion is consistent with considerations of public policy which support a legislative scheme that does not

affix to reclassification decisions the same rights of appeal as are set forth for certain other personnel matters. This Court has well recognized an important governmental interest in maintaining efficiency, and flexibility, in the management of public employees. *Guthrie v. Borough of Wilkinsburg*, 505 Pa. at 259–260, 478 A.2d at 1283–1284. In *Guthrie*, where this Court held that letters of reprimand placed in the personnel files of local police officers did not constitute "adjudications" entitling the officers to notice, hearings, and appeals under the Local Agency Law, this Court expressed concern that a contrary holding would "[place] another layer of bureaucracy onto the already complex system of managing public employees." 505 Pa. at 260, 478 A.2d at 1284. See also *Commonwealth, Department of State v. Stecher*, 506 Pa. 203, 484 A.2d 755 (1984) (Commonwealth retains an interest, under the Civil Service system, in maintaining management flexibility to address personnel matters).

Subjecting reclassification decisions to appeals under the Administrative Agency Law would impose an additional layer of bureaucracy onto the management of the Commonwealth's classification system. Not only would full hearings with stenographic records, along with findings of fact and conclusions of law, be required in every case where an employee persists in seeking reclassification, but there would also be created a considerable burden upon the court system in that reclassification decisions would become routinely subject to judicial review. Such results would substantially impair governmental interests in maintaining efficiency in the administration of public employee personnel systems, and, thus, absent expression by the legislature of a clear right for employees to have access to such procedures, no such rights are to be recognized. The order of Commonwealth Court to the contrary must, therefore, be reversed.

Order reversed.

LARSEN, J., files a dissenting opinion.

## JUDGMENT

ON CONSIDERATION WHEREOF, it is now hereby ordered and adjudged by this Court that the order of the Commonwealth Court is reversed.

LARSEN, Justice, dissenting.

I dissent and in support thereof cite the Commonwealth Court opinion filed in this case, *Orage v. Commonwealth, Office of Administration*, 85 Pa.Commw.Ct. 497, 482 A.2d 1174 (1984), and authored by Judge Williams, and my dissent in *Guthrie v. The Borough of Wilkinsburg*, 505 Pa. 249, 478 A.2d 1279 (1984).