553 A.2d 956

**James C. McHALE, Appellee,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 20, 1988.

Decided Feb. 6, 1989.

LeRoy S. Zimmerman, Atty. Gen., Joel M. Ressler, John G. Knorr, III, Andrew S. Gordon, for appellant.

Lawrence A. Durkin, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## OPINION

ZAPPALA, Justice.

The issue presented by this appeal is whether the reclassification of an employee's position to a class with a lower maximum rate of pay constitutes a demotion for purposes of the Civil Service Act, Act of August 5, 1941, P.L. 752, as amended, 71 P.S. §§ 741.1–741.1005. We hold that the reclassification of an employee's position which results in reassignment to a position in a class with a lower maximum pay rate without a reduction in pay is not a demotion under the Civil Service Act.

Appellee James C. McHale was employed by the Appellant, the Department of Transportation (DOT), in a position classified as a Traffic Control Specialist Supervisor, which was designated as Pay Range 41. In October, 1983, DOT conducted a classification and organizational survey. By letter dated August 1, 1984, DOT advised McHale that the classification review of his position had determined that the current classification was inappropriate for his responsibili-

ties. DOT indicated that reassignment was not possible because no position as a Traffic Control Specialist Supervisor was available and that McHale's position would be "reallocated downward" to the Traffic Control Specialist, designated Pay Range 38, effective August 8, 1984. McHale was advised that he would retain his current salary.

After receiving the notice of his reclassification, McHale filed an appeal request with the State Civil Service Commission. On the appeal request form, he indicated that he was appealing a demotion pursuant to section 951(a) of the Civil Service Act, 71 P.S. § 741.951(a), and on the basis of a discriminatory personnel action pursuant to section 951(b), 71 P.S. § 741.951(b). The Commission refused McHale's request for a hearing on December 13, 1984.

On appeal, the Commonwealth Court affirmed the Commission's decision denying McHale a hearing under § 951(b) of the Civil Service Act, but vacated the Commission's decision denying him a hearing under § 951(a) of the Act. 100 Pa.Cmwlth. 148, 514 A.2d 290. The Commonwealth Court reasoned that McHale's reassignment was a demotion because the maximum salary for a Traffic Control Specialist Supervisor during the time when he was reassigned was higher than the maximum salary for a Traffic Control Specialist.

DOT contends that the Commonwealth Court erred in ruling that a downward reclassification of a civil service position is appealable as a demotion to the Civil Service Commission and that the lower court's ruling conflicts with this Court's decision in *Commonwealth of Pennsylvania, Office of Administration v. Orage*, 511 Pa. 528, 515 A.2d 852 (1986).

In *Orage*, the issue raised was whether the Department of Transportation's refusal to reclassify an employee's job after a request to do so was an "adjudication" under the Administrative Agency Law, 2 Pa.C.S. §§ 101 et seq. The Commonwealth Court had held that civil service employees had property rights in having their jobs accurately classified and that adverse determinations in reclassification pro-

ceedings were agency adjudications appealable under the Administrative Agency Law. We reversed the Commonwealth Court's holding, reasoning that because there is no per se right to government employment, no right exists to have a job designated by a particular classification in the absence of a specific legislative or contractual provision creating such a right. We determined that no such provision existed.

DOT argues that the Commonwealth Court's ruling in the instant case is inconsistent with our decision in *Orage*. Unlike Orage, however, DOT acted affirmatively to reclassify Appellee's position to a class with a lower maximum salary. Based upon this distinction, the Appellee contends that a right to appeal a reclassification of his position to a class with a lower maximum salary exists under the Civil Service Act because the reclassification was a "demotion".

The Executive Board, consisting of the Governor and six gubernatorially designated heads of administrative departments, has the authority to establish different standards for different classes of similar work or service. 71 P.S. § 249(a)(2). The classification of positions is to conform to standards and rules adopted by the Executive Board. 71 P.S. § 741.707. In *Orage*, we noted that those legislative provisions did not contain any language granting employees enforceable property rights in the administration of the Commonwealth's classification system in comparison with other enumerated provisions of the Civil Service Act which clearly create enforceable rights.

The specific provisions of the Civil Service Act that the Appellee cites as creating a right of appeal are applicable to demotions. Appellee asserts that the reclassification of a position from one class to a different class with a lower maximum salary is a demotion. The Commonwealth Court accepted the Appellee's argument based solely upon the definition of demotion in § 3(r) of the Civil Service Act, 71 P.S. § 741.3(r).

Demotion is defined therein as a change to a position in a class carrying a lower maximum salary. Without further

analysis of the remaining provisions of the Civil Service Act, the conclusion that a reclassification of a position to a class with a lower maximum salary is superficially appealing. The definition of a term used specifically in the legislation does not stand alone, however; it must be read in the context of the act.

The provision of the Civil Service Act relating to demotions, 71 P.S. § 741.706, states:

> An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily perform the duties of the position to which he was appointed or promoted and who is able to perform the duties of the lower class. *In case of such demotion the employe shall have all rights of appeal as provided in this act.* No employe shall be demoted because of his race, religion or political, partisan or labor union affiliation. A demotion may also be made by an appointing authority with the approval of the director upon the written petition of the employe stating the reasons therefor and supported by such evidence as the director may require to show that the employe is able to perform the duties of the class of position to which he petitions that he be demoted.

(Emphasis added.) Pursuant to this provision, the right to appeal an appointing authority's action is limited to a demotion to a vacant position in a lower class of an employee who has not satisfactorily performed his current duties. The impetus for the change of position is critical, therefore, in determining whether a demotion has occurred which will trigger the right to appeal.

In the instant case, the change of the Appellee's position from one classified as a Traffic Control Specialist Supervisor to a position classified as a Traffic Control Specialist did not result from the Appellee's failure to satisfactorily perform his responsibilities. Instead, the change resulted from the revamping of the positions following a departmental review which disclosed that the current classifications were improper. Accordingly, the Appellee's reassignment to a

position in a different class without a pay deduction was not a demotion which would trigger the right to appeal under § 951(a) of the Civil Service Act.

■ Section 951(a) provides that a regular employee who has been subjected to a demotion is entitled to an appeal and hearing before the Civil Service Commission. As we stated in *Orage*, "These procedural rights are expressly provided in the cases of the aforementioned personnel actions, but not with respect to reclassification proceedings. Had the legislature wished to accord the same status to the reclassification of positions, it certainly would have expressly provided the same procedural protections." 511 Pa. at 533, 515 A.2d at 854. A reclassification of positions to recognize a change in duties or to correct an error made in the original classification is not a demotion affording an employee the procedural rights created by the Civil Service Act.

The order of the Commonwealth Court is reversed insofar as it granted the Appellee's request for a hearing under § 951(a) of the Civil Service Act.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. Until the close of business on August 8, 1984, the appellee, James C. McHale (McHale) held the supervisory position of "Traffic Control Specialist Supervisor" Pay Range 41 carrying a maximum annual salary of $29,233.00. When he returned to work at the start of business on August 9, 1984, he held the non-supervisory position of "Traffic Control Specialist" Pay Range 38 carrying a maximum annual salary of $25,624.00. This change in position was referred to by the Department of Transportation (DOT) as a "downward reallocation." Because of it, McHale's bargaining unit designation was changed from B–5, Engineering and Scientific, Supervisory to B–4 Engineering and Scientific, Non–Supervisory. McHale's downward position

change was ostensibly prompted by a department survey report indicating that, due to a prior reorganization in the district where he was employed, McHale no longer exercised supervisory responsibilities. Thus, it appears that first, without cause relating to job performance, DOT relieved McHale of his supervisory duties and responsibilities. Next, DOT conducted a survey which led to a report that confirmed that McHale no longer had supervisory responsibilities. Then, based on that report, McHale was demoted to a lower position which DOT euphemistically calls a downward reallocation.

The Civil Service Law provides, inter alia, that a regular employee in the classified service may appeal to the Commission any permanent demotion on the grounds that such action has been taken in violation of the provisions of the law. 71 P.S. § 741.951(a) " 'Demotion' means a change to a position in a class carrying a lower maximum salary." Act of August 27, 1963, P.L. 1257 § 1, 71 P.S. § 741.3(R).

The majority's holding "that the reclassification of an employee's position which results in reassignment to a position in a class with a lower maximum pay rate without a reduction in pay is not a demotion under the Civil Service Act" ignores the clear provisions of the act. McHale suffered a change from a supervisory position in a class with a maximum salary of $29,322.00 to a non-supervisory position in a class carrying a lower maximum salary of $25,624.00. Under the plain language of the Civil Service Law McHale's change of position is a demotion.[1] Accordingly, under 71 P.S. § 741.951(a), the appellee McHale is entitled to a hearing.

I would affirm the Commonwealth Court.

1. "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa. C.S.A. § 1921(b). If the Legislature had intended to include a reduction in the reassigned employee's current pay as part of the definition of "demotion" it could have easily and plainly done so.