563 A.2d 219

**John BALAS et al., Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Allegheny County Assistance Office and State Civil Service Commission, Respondents.**

**Steve TOTH and Sylvia Reidman, Petitioners,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE, Allegheny County Assistance Office and State Civil Service Commission, Respondents.**

Commonwealth Court of Pennsylvania.

Argued May 4, 1989.

Decided July 31, 1989.

Paul D. Boas, Berlin, Boas & Isaacson, Pittsburgh, Pa., for petitioners.

Barbara G. Raup, Chief Counsel, Harrisburg, for respondents.

Before BARRY and McGINLEY, JJ., and NARICK, Senior Judge.

McGINLEY, Judge.

■ This is a consolidated appeal by John Balas, *et al.* (Petitioners at No. 1392 C.D.1986) and Steve Toth and Sylvia Reidman (Petitioners at No. 1393 C.D.1986) from decisions of the State Civil Service Commission (Commission)[1] denying their requests for a hearing pursuant to the Civil Service Act (Act).[2] The decisions at No. 1392 C.D.1986 are affirmed in part and are vacated and remanded in part. The decisions at No. 1393 C.D.1986 are affirmed.

Petitioners have been employees of the Department of Public Welfare of the Commonwealth of Pennsylvania, for approximately fifteen years or longer. Prior to the personnel action which is the subject of this dispute, Petitioners were employed as Casework Supervisor 2's, which positions were designated as Pay Range 40. By letters dated February 6, 1986, Petitioners were notified that due to a classification review their classification titles had been deemed inappropriate, and that the proper classification for their positions was Income Maintenance Casework Supervisor. The pay range for the new position classification was designated either 38 or 39.[3] Petitioners were further advised that there was no alternate placement in their current

1. It would appear that Petitioners have violated Pa. Rule of Appellate Procedure 512 by taking one appeal from several orders. While we have permitted this in certain instances, we have indicated that it is a practice of which we have strong disapproval. *See McGuill v. Unemployment Compensation Board of Review,* 105 Pa. Commonwealth Ct. 222, 224, n. 1, 523 A.2d 1194, 1195, n. 1 (1987).

2. Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.-1005.

3. The parties all agree that the new pay range was lower than the original pay range, but they disagree concerning what is the exact number of the new pay range. Petitioners allege that it is 38, and the Commission alleges in its brief that it is 39. In its decision the Commission stated that the new pay range was 38.

classification or pay range. Consequently, they were all reclassified downward to Income Maintenance Casework Supervisor. The letters informed Petitioners that their downward reclassifications would not result in a reduction of their current compensation or anniversary date. The letters further advised Petitioners that they had a right to appeal under section 951(b) of the Act, 71 P.S. § 741.951(b), relating to discrimination or other non-merit factors.

Petitioners each requested an appeal by filing appeal request form SCSC–4112 with an attachment. Therein each Petitioner asserted appeal rights pursuant to both Section 951(a) of the Act, 71 P.S. § 741.951(a), and Section 951(b) of the Act.

With respect to the hearing requests which were filed by Petitioners at No. 1392 C.D.1986, the Commission entered an order denying each such request. The Commission held that an appellant challenging a downward reallocation may do so only by stating a claim under Section 951(b) of the Act, and the Commission denied each request for hearing pursuant to Section 951(b) of the Act, holding that each Petitioner failed to state a claim or facts which would constitute an allegation of discrimination.

The Commission also denied the hearing requests which Toth and Reidman submitted due to untimeliness. A review of the record indicates that Toth and Reidman stated on their appeal request forms that they each had been notified of the personnel action on February 6, 1986.[4] Toth's Appeal Request was postmarked February 27, 1986, and Reidman's Appeal Request was postmarked February 28, 1986.

The Petitioners all contend that the Commission erred in denying their requests for hearing. They claim that they alleged demotions pursuant to Section 951(a) of the Act, and discrimination based on non-merit reasons pursuant to Section 951(b) of the Act. Toth and Reidman additionally assert that the Commission erred in denying their requests for hearings as untimely.

4. Appeal Request of Steve Toth, R.R. at 1b, and Appeal Request of Sylvia Reidman, R.R. at 7b.

■ On appeal from a decision of the State Civil Service Commission, review is limited to determining whether constitutional rights or provisions of statutes governing practice and procedure of Commonwealth agencies have been violated, whether an error of law has been committed, and whether the Commission's essential findings of fact are unsupported by substantial evidence. *Keim v. Department of Health,* 117 Pa. Commonwealth Ct. 452, 543 A.2d 1261 (1988).

Petitioners first allege that the Commission erred in concluding that they were not demoted. They contend that their downward reclassifications fall under the statutory definition of "demotion," i.e., "a change [in status] to a position in a class carrying a lower maximum salary." [5]

The issue concerning whether or not a downward reclassification to a position in a class with a lower maximum rate of pay constitutes a demotion was addressed recently in *McHale v. Department of Transportation,* 520 Pa. 282, 553 A.2d 956 (1989). The appellee therein was reclassified downward to a class with a lower maximum rate of pay but he did not suffer a reduction in pay. He asserted a right of appeal pursuant to Section 951(a) of the Act, as well as under Section 951(b) of the Act. He, like Petitioners herein, contended that the personnel action constituted a demotion, based upon the definition of demotion in Section 3(16)(r) of the Act. We agreed that he had been demoted and that he had a right of appeal pursuant to Section 951(a) of the Act.[6] The Supreme Court reversed, holding that a downward reclassification to a class with a lower maximum rate of pay did not constitute a demotion.

Petitioners attempt to distinguish their situation from that presented in *McHale.* As their first basis for distinguishing the present matter, Petitioners claim that the decision in *McHale* is limited to reclassifications which were put in effect in order to recognize a change in duties or to

5. Section 3(16)(r) of the Act, 71 P.S. § 741.3(16)(r).

6. *McHale v. Department of Transportation,* 100 Pa. Commonwealth Ct. 148, 514 A.2d 290 (1986), *on appeal,* 520 Pa. 282, 553 A.2d 956 (1989).

correct an error made in an employee's original classification. Petitioners allege that their positions were reclassified for neither of those two reasons. Instead, Petitioners allege that their positions were reclassified because the Income Maintenance Casework Supervisors originally had been inappropriately classified. Petitioners request an opportunity to prove at a hearing that their positions had been appropriately classified and that the positions of Income Maintenance Casework Supervisor had been inappropriately classified.

Their request must be denied. Even if the Commission were to determine that Petitioners' positions were downwardly reclassified because the positions of Income Maintenance Casework Supervisor originally had been inappropriately classified, such a finding would not entitle Petitioners to an appeal pursuant to Section 951(a) of the Act. The key factor in determining whether or not a prospective Section 951(a) appellant has been demoted is not whether it is *his* position or some *other* employee's position which had been inappropriately classified. Instead, based on the Supreme Court's analysis in *McHale,* the dispositive factor is whether or not the employee was downwardly reclassified due to a failure to satisfactorily perform his duties. The Court stated that:

Demotion is defined [in Section 3(16)(r) of the Act] as a change to a position in a class carrying a lower maximum salary. Without further analysis of the remaining provisions of the Civil Service Act, the conclusion that a reclassification of a position to a class with a lower maximum salary [is a demotion] is superficially appealing. The definition of a term used specifically in the legislation does not stand alone however; it must be read in the context of the act.

The provision of the Civil Service Act relating to demotions, 71 P.S. § 741.706, states:

An appointing authority may demote to a vacant position in a lower class any employe in the classified service who does not satisfactorily perform the duties

of the position to which he was appointed or promoted and who is able to perform the duties of the lower class. *In case of such demotion the employe shall have all rights of appeal as provided in this act* [emphasis in original]....

... Pursuant to [71 P.S. § 741.706], the right to appeal an appointing authority's action is limited *to a demotion to a vacant position in a lower class of an employee who has not satisfactorily performed his current duties.* The impetus for the change of position is critical, therefore, in determining whether a demotion has occurred which will trigger the right to appeal.

In the instant case, the change of the Appellee's position ... did not result from the Appellee's failure to satisfactorily perform his responsibilities. Instead, the change resulted from the revamping of the positions following a departmental review which disclosed that the current classifications were improper. Accordingly, the Appellee's reassignment to a position in a different class without a pay deduction was not a demotion which would trigger the right to appeal under § 951(a) of the Civil Service Act.

*Id.,* 520 Pa. at 286–87, 553 A.2d at 958 (emphasis in original). Petitioners do not claim that their reclassifications resulted from a failure to perform their responsibilities satisfactorily. Consequently, per *McHale,* Petitioners have not been demoted, and they have no right of appeal pursuant to Section 951(a) of the Act.

██ Petitioners suggest another basis for distinguishing the present matter from *McHale.* They contend that whereas the appellant in *McHale* did not suffer a pay deduction, they are receiving less pay than they would have received had their positions not been downwardly reclassified. They allege that had their positions not been reclassified, they now would be receiving higher cost of living allowances and merit increases. They also claim that each

Petitioner's retirement benefits will be reduced as a result of the reclassification.[7]

We fail to see how Petitioners' situations differ from that of the appellant in *McHale*, who retained the salary which he had received at his former classification. Petitioners acknowledge that they, too, are receiving the *same compensation* which they received at their old classifications. Their complaint is that they are not receiving *greater compensation* than they received previously. Unfortunately, their situation is no different from that which was reviewed in *McHale*. The Supreme Court stated only that he had not suffered a *deduction* in pay. The Court contemplated that he might receive less compensation in the long run but proceeded to reject his claim that reclassification to a position with a lower maximum salary constituted a demotion.[8]

Thus, the facts in the matter presently before us are, for all intents and purposes, exactly on point with those in *McHale*. Consequently, we are bound to affirm the decision of the Commission insofar as it denied Petitioners a hearing pursuant to Section 951(a) of the Act.

▇▇ Petitioners next contend that the Commission erred in denying them an appeal pursuant to Section 951(b) of the Act. Section 951(b) of the Act provides that "any person who is aggrieved by an alleged violation of section 905.1 of this act[9] may appeal ..." Section 905.1 of the Act provides that:

> No officer or employe of the Commonwealth shall discriminate against any person in recruitment, examination, appointment, training, promotion, retention or any other personnel action with respect to the classified service because of political or religious opinions or affil-

7. The Commission conceded at oral argument that Petitioners in the long run will receive less compensation than they would have received had they continued to be employed at their old classifications.

8. Obviously, if McHale's new maximum salary was less than his former maximum salary, it would be impossible for him to earn as much money in the new classification as he might have earned at his old classification.

9. 71 P.S. § 741.905a.

iations because of labor union affiliations or because of race, national origin or other non-merit factors.

We have held that "in a § 951(b) action an employee must recite specifically the basis underlying his claim of discrimination [and that where the employee fails to do so], the Commission has no choice but to deny a hearing." *Carr v. Department of Public Welfare, Woodville State Hospital,* 72 Pa. Commonwealth Ct. 78, 456 A.2d 240 (1983).

The Commission denied the Petitioners' requests for a hearing under Section 951(b) stating that each Petitioner had set forth "bold unsubstantiated allegations" of discrimination based upon non-merit factors. The Commission thus misstates the averments in Petitioners' Appeal Requests forms and attachments thereto. The Petitioners *do* set forth facts which they allege constitute an allegation of discrimination. The Petitioners stated in the attachments that they were downwardly reclassified in order to equalize a pay differential which had existed between them and the Income Maintenance Casework Supervisors, who were doing the same work, but who were lower paid. Thus, the Commission was faced with the issue whether a downward reclassification in order to equalize a pay differential constitutes non-merit discrimination.

The Petitioners raised a legitimate issue and the Commission should have addressed it. Because this issue involves only a question of law, we will dispose of it at this time in the interest of judicial economy.

■ The crux of this issue is the scope of the term "non-merit factor" as it is used in Section 905.1 of the Act. Although the Act does not define the term, this Court has announced the requirements which must be met in order for a personnel action to be based on merit criteria. "[P]ersonnel actions of the Commonwealth must be based upon merit criteria which are relevant to the proper execution of the employee's duties, are job related, and which touch in some logical and rational manner upon competency and ability." Petitioners have alleged that their downward reclassifica-

tions resulted from the inappropriate classification of the positions of Income Maintenance Casework Supervisor. Such a motive is unrelated to the proper execution of the duties of a Casework Supervisor II. Furthermore, this motive is totally unrelated to competency or ability. Clearly, Petitioners have alleged facts which, if taken as true, constitute discrimination based on non-merit criteria. Thus, the Commission erred by denying the Petitioners at No. 1392 C.D.1986 an opportunity to prove that their downward reclassifications resulted from discrimination based on such non-merit factors. Consequently, we vacate the decision of the Commission as it relates to these Petitioners and we remand these cases for the Commission to schedule and hold a hearing pursuant to Section 951(b) of the Act.

■ We are unable to grant this same relief to Toth and Reidman, finding that the Commission properly denied as untimely their requests for a hearing. On their hearing request forms they each stated that they received notice on February 6, 1986. Toth's Appeal Request was postmarked February 27, 1986, and Reidman's Appeal Request was postmarked February 28, 1986. As such, their appeals fell outside the twenty day limit and were untimely.[10] In order to avoid this result, Petitioners Toth and Reidman now allege that they actually received notice on February 10, 1986, and that the Commission improperly computed the running of the appeal period from the date notice was sent instead of the date notice was received.

We believe that the Commission properly relied on the date of notification as reported on Toth's and Reidman's Appeal Requests. Appeal request form SCSC–4112 states: "Date you were notified of the personnel action which you are appealing." This statement unambiguously refers to the date on which an appellant received notice. Had the form instead stated "date of notice," Petitioners Toth and Reidman might have had a stronger argument that they were confused or misled by the form into inserting the date

10. The appeal period pursuant to Section 951(a) and (b) is twenty days.

*of* their notice. Instead, the form clearly asks for the date the appellant *received* notice, as opposed to the date *of* the notice, and Toth and Reidman are bound by their responses thereto.

The decisions of the Commission at No. 1392 C.D.1986 are affirmed insofar as they denied Petitioners an appeal pursuant to Section 951(a) of the Act, and they are vacated and remanded for the Commission to schedule and to hold a hearing pursuant to Section 951(b) of the Act. Jurisdiction is relinquished. The decisions of the Commission at No. 1393 C.D.1986 are affirmed.

## ORDER

AND NOW, this 31st day of July, 1989, the decisions of the Commission at No. 1392 C.D.1986 are affirmed insofar as they denied Petitioners an appeal pursuant to Section 951(a) of the Act, and they are vacated and remanded for the Commission to schedule and to hold a hearing pursuant to Section 951(b) of the Act. Jurisdiction is relinquished. The decisions of the Commission at No. 1393 C.D.1986 are affirmed.