586 A.2d 480

**Terry A. TERZUOLO, Appellant,**

**v.**

**BOARD OF SUPERVISORS OF UPPER MERION TOWNSHIP and Upper Merion Township Police Department, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1990.

Decided Jan. 24, 1991.

354

J. Peirce Anderson, Anderson and Sullivan, Plymouth Meeting, for appellant.

Richard E. Reilly, King of Prussia, for appellees.

Before COLINS and KELLEY, JJ., and BARBIERI, Senior Judge.

COLINS, Judge.

Terry Terzuolo (Terzuolo), a police officer employed by Upper Merion Township, Pennsylvania, appeals from an order of the Court of Common Pleas of Montgomery County (trial court), dismissing Terzuolo's complaint in mandamus. This complaint sought to compel that a hearing before the township supervisors be granted to Terzuolo, pursuant to what is commonly referred to as the Police Tenure Act[1] and the Local Agency Law.[2] The trial court's order from which Terzuolo is appealing also sustained preliminary objections filed by the Board of Supervisors of Upper Merion Township (Board) and the Upper Merion Township Police Department (Department), collectively (appellees).

The following facts have led to this appeal. On June 10, 1989, at approximately 11:30 p.m., Terzuolo was driving a police vehicle north on South Gulph Road when, while trying to merge into the intersection of that road and State Route 202, she was involved in an accident with another vehicle. Although both Terzuolo and the other driver observed virtually no property damage to either vehicle, and although the other driver indicated she preferred that no formal accident report be prepared, Terzuolo, nevertheless, directed the driver to move to a less congested spot to take the accident report. However, as Terzuolo moved her police vehicle to the side of the road, the operator of the other vehicle drove off and was lost in traffic.

Terzuolo maintains that, by the next shift, she reported the accident to her immediate supervisor, filed a written report and an accident report. Appellees, however, allege that Terzuolo failed to report the accident to her superior until approximately four hours after it occurred. Nevertheless, the Department undertook an investigation and issued Terzuolo a written reprimand for violating Department rules and regulations by allowing a driver to leave the scene without first obtaining the driver's name, address and other

1. Act of June 15, 1951, P.L. 586, *as amended*, 53 P.S. §§ 811–816.
2. 2 Pa.C.S. §§ 551–555, 751–754.

pertinent information and by failing to report the accident until four hours after it occurred.

■ The reprimand specifically called for: (1) loss of all her safe driving time earned in 1989; (2) a permanent record of the reprimand in her personnel file; (3) transfer from the night to day shift at a loss of $1.00 per hour;[3] (4) no possibility of serving as Acting Sergeant for 6 months; and (5) a later determination of any restitution required for damages incurred.

Terzuolo requested a hearing before the Board which was denied, and she then filed a complaint on August 24, 1989. On October 4, 1989, appellees filed preliminary objections and a motion to dismiss, which were granted by the trial court on June 11, 1990. This appeal followed.

The primary issue before this Court is to determine whether disciplining a police officer by transferring her from the night to day shift, with a concomitant slight pay decrease and six-month restriction on serving as Acting Sergeant, constitutes a suspension or demotion, so as to warrant a hearing before the Board (regardless of whether the officer first exhausted administrative remedies), pursuant to the Police Tenure Act and the Local Agency Law.

Terzuolo argues that the written reprimand to which she was subjected, changing her work shift from night to day at a pay decrease in excess of $1,000.00, and prohibiting her from serving as Acting Sergeant, constituted a suspension or demotion. As such, she contends that she is entitled to a hearing under Sections 2 and 4 of the Police Tenure Act[4] and the Local Agency Law, and that she has been deprived of property rights.

It should be noted that Acting Sergeant was a supervisory position which Terzuolo did not hold at the time of the accident, but which she avers she held "from time to time before the incident in question." The appellees, however,

---

3. Under the collective bargaining agreement, all officers working the night shift received $1.00 per hour extra shift differential.

4. 53 P.S. §§ 812 and 814.

emphasize that Terzuolo was indisputably a patrol officer at the time of the accident, despite any aspirations to serve as Acting Sergeant. Further, Terzuolo maintains that, prior to obtaining a hearing, she cannot be required to exhaust administrative remedies where said remedies would not afford her relief from the disciplinary action imposed on her.

Appellees maintain that the trial court appropriately dismissed Terzuolo's complaint because the Police Tenure Act requires that a hearing be granted only upon an officer's removal or suspension, neither of which occurred in this case. Secondly, appellees argue that the Local Agency Law requires a hearing only if the disciplinary action imposed upon an officer involves a reduction in rank, or if the officer's property rights are affected by the Board's denying a hearing. In this case, appellees point out that Terzuolo had the same rank, that of a patrol officer, both before and after the disciplinary action against her, a fact well noted by the trial court in finding that the Local Agency Law does not protect "remote, future, or speculative rights."

We must agree and analogize the factual scenario of this case to that of *Sterling v. Department of Environmental Resources*, 504 Pa. 7, 470 A.2d 101 (1983), in which appellant requested a hearing after disciplinary measures were imposed, reducing his compensation by two pay steps. The court held that every disciplinary action reducing compensation is not automatically a demotion.

Likewise, in *Guthrie v. Borough of Wilkinsburg*, 505 Pa. 249, 478 A.2d 1279 (1984), the court stated that "[i]f it was a 'faulty premise' in Sterling that every disciplinary action resulting in the diminution of compensation is a demotion, it would certainly be faulty to propose that the issuance of a warning is a reduction in rank." *Id.*, 505 Pa. at 257, 478 A.2d at 1282. In this case, as in *Sterling*, appellant was subjected only to a warning, albeit a written one.

■ We further reject Terzuolo's contention that she has been deprived of property rights because she was not subjected to a demotion, suspension, or dismissal that would have, under the Local Agency Law, entitled her to a hearing. Terzuolo, as were the appellants in *Guthrie*, is trying to protect an "intangible" property interest. In considering such interests, our Supreme Court has declared that "[t]he mere theoretical effect on possible promotions or future employment prospects is too abstract to constitute a property interest." *Guthrie* at 257, 478 A.2d at 1282. Similarly, we find Terzuolo's allegations of being deprived of personal rights equally meritless. Unarguably, the Local Agency Law was:

> not designed to protect amorphous interests such as theoretical promotional possibilities or employment elsewhere. No statute gives police officers the right to a hearing to challenge the validity of an issued warning, as the Civil Service statute does in the event an officer is removed, suspended, or reduced in rank by a borough.

*Id.,* 505 Pa. at 258, 478 A.2d at 1283.

Based upon the foregoing discussion and our examination of the record, we find that substantial evidence exists to support the trial court's decision dismissing Terzuolo's complaint and sustaining appellees' preliminary objections.

Accordingly, the order of the trial court is affirmed.

## ORDER

AND NOW, this 24th day of January, 1991, the order of the Court of Common Pleas of Montgomery County in the above-captioned matter is affirmed.